## WILLIAM BRENNAN *vs.* THE BERLIN IRON BRIDGE COMPANY.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The plaintiff alleged that while in the employ of the Naugatuck Malleable Iron Co., he was directed by its foreman to assist in placing in position certain woodwork in a bridge or trestle which the defendant was erecting under contract for the Naugatuck Co. upon its grounds, and that while so assisting and in the exercise of due care he was seriously injured by the fall of a heavy timber which had been carelessly and negligently piled and left wholly unsecured by the defendant and its servants, so that a slight jar caused it to fall from its place. *Held* that these averments described a cause of action resulting from the defendant's negligence and not from the negligence of those who stood in the relation of fellow-servants to the plaintiff, and sufficiently disclosed, also, that at the time of the injury the plaintiff was in the exercise of due care; and therefore that the trial court erred in sustaining a demurrer to the complaint, and in afterwards rendering judgment for the defendant, upon such grounds.

Shortly after the rendition of the foregoing judgment the plaintiff brought another action for the same injury, and upon the hearing in damages after a default, the defendant introduced in evidence the judgment rendered in the first action and thereby prevented the plaintiff from recovering more than nominal damages. Subsequently the plaintiff brought a writ of error to reverse the judgment rendered in the first action. *Held* that the judgment for nominal damages, rendered in the second action, was practically a judgment for the defendant, and did not estop the plaintiff from maintaining his writ of error to test the validity of the judgment rendered in the first action.

Argued October 24th—decided November 28th, 1899.

WRIT of error to reverse a judgment of the Superior Court for New Haven County (*Shumway, J.*) rendered in favor of the defendant, brought to the Supreme Court of Errors held at Bridgeport within and for the third judicial district on the fourth Tuesday of October, 1899. *Error and judgment set aside.*

The principal error assigned is the action of the Superior Court in sustaining the defendant's demurrer to the complaint.

The proceedings in that action are referred to in *Brennan* v. *Berlin Iron Bridge Co.*, 71 Conn. 479, and the complaint which was demurred to appears in a footnote to the opinion. The grounds of the demurrer thus sustained were substantially as follows: (1) that it appeared from the complaint that the plaintiff, at the time of the injury complained of, was in the position of a servant of the defendant; (2) that no acts constituting negligence of the defendant were alleged; (3) that it was not alleged that the defendant had knowledge or notice of the unsafe condition of the pile of timber; (4) that it was not alleged that the plaintiff did not have equal means with the defendant of knowing of the unsafe condition of the pile of timbers; (5) that it appeared that the plaintiff's injuries were received through the negligence of fellow-servants; (6) that it did not appear that the plaintiff was in the exercise of due care at the time of the injury.

The defendant's answer to the present action contains three defenses. The first and third, which allege substantially the same facts, are special defenses. The second defense is that there is nothing erroneous in the judgment complained of.

The plaintiff in error demurred to the first defense, and denied the allegations of the third defense.

*John O'Neill*, for the plaintiff.

*William W. Hyde* and *Seymour C. Loomis*, for the defendant.

ANDREWS, C. J. The questions presented by the issues raised upon the first and third defenses may be considered together.

The facts admitted by the plaintiff's demurrer to the first defense, are in substance these:—

In the original suit by the plaintiff in error against the defendant in error, for damages for personal injuries, brought in 1895, the defendant demurred to the complaint, stating six grounds of demurrer. The court having sustained this de-

murrer upon all the grounds thereof and no amendment to the complaint having been allowed, judgment was, in November, 1896, rendered for the defendant, upon the ground that the complaint was thus insufficient.

In a second suit brought in 1897, for the same cause of action, upon a hearing in damages after a default, in which hearing the court held that the first judgment was not a bar to the maintenance of the second action, the plaintiff obtained a judgment for $3,000, which, upon the defendant's appeal to this court, was set aside and the case remanded for the assessment of nominal damages. The Superior Court thereupon, by direction of this court, assessed nominal damages and rendered a judgment for the plaintiff for $50 as such nominal damages.

The defendant now contends that these facts constitute a bar to the maintenance of this action by writ of error, or that these facts estop the plaintiff or are a waiver of the errors, if there are any, in the proceedings in the original action. The argument of the defendant is, that after an adverse judgment in the first suit, the plaintiff, by a second action obtained a favorable judgment, in which $50 was awarded to him as the compensation which he was entitled to recover for his injuries; and that having taken no appeal from the judgment fixing his damages at a less sum than he claimed, that judgment, which is still outstanding, is a bar to this proceeding by writ of error.

But the judgment for nominal damages was rendered at the defendant's request. After the default it was the only judgment which, under our practice, the court could have rendered upon proof of facts showing that the plaintiff could not maintain his action. Had the defendant chosen to plead *res adjudicata* as an answer, instead of suffering a judgment for nominal damages, and proving the former judgment upon the hearing in damages, final judgment would have been rendered in its favor for costs. Having established its claim that the plaintiff could not maintain his second action, because of the judgment in the first suit, the defendant cannot now be heard to claim that the first judgment should not be

set aside, because the plaintiff successfully maintained the second action.

The judgment in the second action was rendered by direction of this court and the plaintiff could not appeal from it. *New York, N. H. & H. R. Co.* v. *Fair Haven & Westville R. Co.*, 71 Conn. 584. The damages awarded by the judgment were not compensatory, but were nominal. "Nominal damages mean no damages. They exist only in name and not in amount." *Michael* v. *Curtiss*, 60 Conn. 363, 369. The second judgment was in effect a judgment in favor of the defendant. By the present action the plaintiff is attacking that judgment. By asking to have the first judgment set aside, he is seeking in a proper way to have removed the bar which prevented the prosecution of his second suit.

The facts alleged in the first defense are insufficient. Nor do they constitute an estoppel or waiver as claimed by the third defense.

In holding, upon the defendant's appeal to this court from the judgment of the Superior Court awarding to the plaintiff $3,000 damages, that the judgment in the first case was a bar to the second action, two questions were decided: first, that the judgment of the Superior Court in the first action sustaining the demurrer and finding the complaint insufficient, was a judgment of that case upon its merits, and not merely upon some formal defect; and second, that the cause of action described in the second complaint was also described in the first. As that appeal was only from the judgment in the second action, we could not review the rulings of the court in the first case, and there were no rulings in the second case involving the question of the sufficiency of the first complaint. The decision of this court was that the judgment of the Superior Court, to the effect that the first complaint was insufficient, not having been appealed from, was a valid judgment binding upon the parties and a bar to the maintenance of the second action; and that we could not upon that appeal review the decision of the Superior Court upon the former case. *Brennan* v. *Berlin Iron Bridge Co.*, *supra*,

493. The question of the sufficiency of the first complaint is thus presented in this court for the first time.

The Superior Court sustained the demurrer upon all the grounds alleged. If, therefore, the complaint is insufficient for any of the reasons assigned in the demurrer, the judgment should not be set aside.

The complaint as amended, describes sufficiently clearly in paragraphs 3, 4, and 5, as acts of negligence committed by the defendant itself, the piling of the timbers in question (apparently before the day of the accident) in a careless and negligent manner, unsecured in any way, and so that they would fall down with very little jar; the leaving of the timbers so piled without any protection or warning to the plaintiff, or to any one; the careless and negligent omission to warn or notify the plaintiff before or at the time he was standing near the pile, when called there on the day of the accident; and alleges that in consequence of the negligence of the defendant as aforesaid, the plaintiff, when called there on said day by his own foreman, from his employment in the annealing department of the Naugatuck Malleable Iron Co., to assist the defendant in the work it was prosecuting, was injured by the falling of one of the pieces of timber from said pile. Without now considering the effect of other allegations of the complaint, this language describes a cause of action resulting from the defendant's negligence, and not one from the negligence of those who stood in the relation of fellow-servants to the plaintiff, and negatives the existence of the defects alleged in the first five reasons of demurrer.

The 5th paragraph of the amended complaint alleges that the plaintiff, "while so assisting, was standing within one or two feet of said pile of timbers in the exercise of due care." If this is not a sufficient statement of the facts showing that the plaintiff was not guilty of contributory negligence, it is a sufficient averment to answer the claim made by the 6th reason of demurrer, which is, not that facts showing due care are not stated, but that "it does not appear that the plaintiff was in the exercise of due care at the time of the injury."

The complaint was not insufficient in any of the respects claimed in the demurrer.

It is not necessary for us to consider other assigned errors.

There was error in the judgment of the Superior Court complained of, and it is set aside. That case should be restored to the docket, the demurrer to the complaint should be overruled, and the case stand to be proceeded with according to law.

In this opinion the other judges concurred.