### BEDFORD v. J. HENRY MILLER, Inc.

(Circuit Court of Appeals, Fourth Circuit.   March 4, 1914.)

No. 1214.

1. PLEADING (§ 236*)—AMENDMENT—DISCRETION OF COURT—PLEA OF SET-OFF.

Where a plea of set-off was defective in that it was not supported by the affidavit required by law and was not in the form prescribed by the rules of court, the court was authorized by Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), to deny a motion to reject the set-off on that ground and to permit defendant to amend its plea so as to conform to legal requirements.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. § 236.*]

2. DAMAGES (§ 78*)—LIQUIDATED DAMAGES OR PENALTY.

A builder, having contracted to reconstruct a federal building, contracted with plaintiff to construct the stone work, the contract providing that time, being the essence of the contract between the builder and the United States, was also the essence of the contract in question, and therefore in the event of the contractor's failure to furnish material and labor provided for by the contract, and in case of delay to the builder under his contract with the United States beyond the period of 12 months, the contractor should pay the builder for each and every calendar day of the delay $50, which forfeit was to be paid as and for liquidated damages and not as a penalty, and was to be taken from any money due thereunder; it being understood and agreed that the liquidated damages were in lieu of actual damages arising from such breach of contract.   *Held*, that the provision was for liquidated damages and not a penalty.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 157–163; Dec. Dig. § 78.*]

3. DAMAGES (§ 85*)—LIQUIDATED DAMAGES—CONTRACT PROVISION.

Defendant, having contracted to reconstruct a federal building and being bound by his contract to pay $50 a day for delay, let the stone work to plaintiff under a contract providing that time was the essence thereof; that in the event of the contractor's default or delay, causing delay in the completion of the work to be performed by the builder under his contract with the United States beyond the period of 12 months, then the contractor should pay the builder for each calendar day's delay $50; and that the forfeit was to be paid as liquidated damages and not as a penalty, and was to be taken from any money due under the contract, it being agreed that the liquidated damages were in lieu of actual damages arising from breach of the contract.   *Held*, that such provision was not only intended to indemnify the builder for loss sustained by delay under his own contract by being required to pay damages to the United States, but also to indemnify against other damages which might be sustained by the builder; and hence he, having been relieved' by the government from liability under the daily damage clause of his own contract, was only entitled to recover under such clause in plaintiff's contract such actual damages as could be proved.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 179–181, 183–187; Dec. Dig. § 85.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Action by A. C. Bedford, suing for the use and benefit of the American National Bank, his assignee, against J. Henry Miller, Incorporated. From a judgment for plaintiff, but for less than the relief demanded, resulting from an allowance of a set-off, plaintiff brings error. Reversed and remanded.

C. V. Meredith and Emmett Seaton, both of Richmond, Va. (Meredith & Cocke, of Richmond, Va., on the brief), for plaintiff in error.

L. L. Lewis and Hill Carter, both of Richmond, Va., for defendant in error.

Before PRITCHARD and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. The defendant, J. Henry Miller, incorporated under the laws of Maryland, contracted with the United States on March 26, 1910, for the reconstruction of the federal building in the city of Richmond, the work to be completed by December 1, 1911. On May 11, 1910, the plaintiff, A. C. Bedford, agreed as subcontractor with the defendant to do the stone work by May 11, 1911, for the sum of $190,000, payable in installments as the work progressed. On December 21, 1912, the plaintiff brought this action in the law and equity court of the city of Richmond, alleging full performance of his contract, and indebtedness of the defendant to him in the sum of $23,406.29, after allowing all credits. The cause having been removed on the ground of diversity of citizenship to the District Court of the United States for the Eastern District of Virginia, the defendant pleaded nonassumpsit, and with this plea gave notice that on the trial it would seek to recoup or set off damages for 392 days' delay in the completion of the work, at $50 a day; that being the per diem measure of damages fixed in the contract. The defendant also set up as a separate item a claim for $5,000 damages for delay in the completion of the approach work within the time required by the contract, and several charges for labor and material furnished to plaintiff, amounting to $1,403.18. The District Judge overruled a motion to reject the set-off, made on the ground that it was not supported by the affidavit required by law, and was not in the form prescribed by the rules of court, and allowed the defendant to amend so as to conform his pleading to the legal requirements. At the trial the claim for the separate item of $5,000 damages was withdrawn; the separate account of $1,403.18 was submitted to the jury; and the peremptory instruction was given to the jury that the defendant's claim for liquidated damages of $50 a day for 392 days must be allowed as a set-off. The verdict and judgment was in favor of the plaintiff for $3,516.30, with interest from December 7, 1912.

[1] The error assigned in the refusal to reject defendant's pleas because of absence of the affidavit required by law was abandoned at the argument. There is no ground for assignment of error in allowing the defendant to amend rather than in rejecting its plea because of a defect in form only. The discretion of the court to allow amend-

212 F.—24

ments is so clearly conferred by section 954 of the Revised Statutes (U. S. Comp. St. 1901, p. 696) that it is unnecessary to cite any of the numerous cases on the subject. When a party gets his cause of action, or his defense, or his appeal, before a court of competent jurisdiction, he should not be turned out before trial of the merits of the controversy, except in obedience to a clear statutory mandate, or on a showing of gross carelessness or bad faith. The absolute dismissal of a plea or an appeal, for error in a matter of mere procedure, is in reality the infliction of the severest penalty for a minor fault, and is suggestive of the excessive punishments formerly inflicted for minor offenses in the administration of the criminal law. Conformity to rules of procedure is important, but usually it may be secured by imposing as a condition of amendment the payment of costs or other penalty, short of dismissal, on the party or his counsel, as circumstances may require, for negligence or inadvertence.

The vital question in the cause is whether the plaintiff was bound at all events to pay as liquidated damages the sum of $50 a day for the time he was in default in the performance of his contract. The agreement on this subject was as follows:

"It is further covenanted and agreed by and between the parties hereto *that, the time being the essence of the said contract between the builder and the United States of America, it is also the essence of this contract*, and therefore in the event of the failure on the part of the contractor to furnish the materials and labor provided for by this contract to be furnished by him (when and as required as aforesaid), within a reasonable time after such request, not to exceed five (5) days, or in the event of the failure of the contractor to furnish and set all the stone work required for the building proper (not including the approach work, pointing up or cleaning down) within twelve months after the date of this contract, or in event of the contractor furnishing materials which shall be condemned or rejected, thereby causing delay in the erection, construction or completion of the work to be performed by the builder *under his contract with the United States of America, beyond said period of twelve months, then and in either event the contractor shall pay to the builder for each and every calendar day of such delay the sum of fifty dollars ($50.00).* The completion of the approach work, pointing up and cleaning down to be done in such time as the builder shall direct to be not less than fifteen (15) months after the date of this contract, or as will permit the building to be finished in contract time as hereinbefore provided for, to wit, on December 1, 1911. The above forfeit is to be paid as and for liquidated damages and not as a penalty and is to be taken from any money due hereunder. The said measure of such liquidated damages being fixed and agreed upon as the sum specified as the damages which will be suffered by the builder by reason of such default are difficult to estimate with exactness, and it is understood and agreed by the parties hereto that said liquidated damages are in lieu of the actual damages arising from such breach of this contract."

The builder, Henry Miller, did not perform his contract by completing the entire work by December 1, 1911. But, under authority conferred by statute, the secretary of the treasury, for reasons appearing to him sufficient, remitted the claim of the government against him for $50 a day liquidated damages, and paid Henry Miller, the builder, the entire contract price. Thus it appears that the defendant suffered no loss on account of its liability to the government by reason of the delay of the plaintiff in the completion of his work.

[2] Whatever may have been the conflict of authority as to the

rules to be applied in determining whether a contract like that here under consideration provided for a penalty or liquidated damages, certainly there can be no doubt now in this jurisdiction that this was a contract to pay $50 a day as liquidated damages and not as a penalty. In Sun, etc., Association v. Moore, 183 U. S. 642, 22 Sup. Ct. 240, 46 L. Ed. 366, the Supreme Court thus lays down the rule:

"The decisions of this court on the doctrine of liquidated damages and penalties lend no support to the contention that parties may not bona fide, in a case where the damages are of an uncertain nature, estimate and agree upon the measure of damages which may be sustained from the breach of an agreement. On the contrary, this court has consistently maintained the principle that the intention of the parties is to be arrived at by a proper construction of the agreement made between them, and that whether a particular stipulation to pay a sum of money is to be treated as a penalty, or as an agreed ascertainment of damages, is to be determined by the contract, fairly construed; it being the duty of the court always, where the damages are uncertain and have been liquidated by an agreement, to enforce the contract."

This rule is restated and emphasized in United States v. Bethlehem Steel Co., 205 U. S. 105, 27 Sup. Ct. 450, 51 L. Ed. 731; Schmulbach v. Caldwell, 196 Fed. 16, 115 C. C. A. 650; Crawford v. Heathwole, 110 Va. 358, 66 S. E. 46, 34 L. R. A. (N. S.) 587. In these cases, however, the courts were careful to recognize the paramount principle that the intent of the parties, the limit which they intended to place on the liability, is to be ascertained from consideration of the entire instrument.

[3] Treating the contract, then, as one for liquidated damages, the difficult question remains whether the provision to pay the sum stipulated was for the general loss in gross to be anticipated from delay, or for two factors of loss, namely: First, the general damages usually incident to delay in such work; and, second, the damages of $50 a day which the defendant had contracted to pay to the United States for delay in completion of the entire work. If both these factors of loss entered into the undertaking, if it was for these separate elements of damage in combination that the plaintiff promised to pay $50 a day, and one of the elements of damage afterwards was eliminated, then it would seem to follow that the defendant could not recover the entire amount for the one element of damage which remained.

The fact that the obligatory words are general does not determine this point; the recitals of the contract, its purpose, the relation of the parties to each other, and even obligations to others appearing from the contract to be in the view of both parties must be weighed in arriving at the scope of the undertaking. Viewing the instrument in this way, it will hardly be doubted that the words we have italicized in the portion of the contract above set out clearly import that the provision for liquidated damages in this undertaking was meant primarily to protect the Miller Company against its obligation to the United States for damages for delay in the completion of the entire work. This is rendered still more obvious by the following recital of the contract between the plaintiff and defendant making defendant's contract with the United States a part of his contract with plaintiff:

"Whereas, the builder has entered into a contract with the United States of America of date March 26, 1910, for the reconstruction of a federal build-

ing at Richmond, Va., according to certain plans and specifications referred to in said contract and made a part thereof, which contract, together with the said plans and specifications therein referred to, is to such extent as the same is and are applicable to the subject-matter of this contract made a part hereof, to the same extent as if herein fully written."

Because the Miller Company was under obligation to the government for $50 a day damages, it exacts, and Bedford agrees to give, his like obligation. It is true that, while indemnity against this obligation of the Miller Company to the government was clearly the primary or chief protection intended, the mention of that one item by no means warrants the exclusion of any other items of damage from the protection of Bedford's obligation comprehending in general all damages. But, to the extent that Bedford's obligation was intended to protect the Miller Company against the demands of the United States, it was dependent on the Miller Company's obligation to the demands of the United States, and to that extent it fell when it appeared that the Miller Company had not incurred liability or was released from its obligation to the United States. To express the matter differently and in the light most favorable to the defendant, two factors of damage were in the minds of the parties when they estimated the liquidated damages, and these two separate factors in combination were expressed in the contract with reasonable clearness as the damages to be paid for, namely, the damages to be exacted of the Miller Company for its failure to turn over the building within the time specified, and the anticipated damages to the Miller Company independent of its obligation to the government. These two factors, added together, were estimated and agreed upon as $50 a day. When one of these separate and distinct factors fell out, the other cannot represent the damage which it was intended should be taken as the sum of both; and hence a reduction must be made. The primary and controlling obligation was that of the Miller Company to the United States; and the obligation of Bedford to the Miller Company was secondary and in part, at least, dependent on the Miller Company's obligation to the United States. When the primary and controlling obligation was canceled, the secondary obligation went with it to the extent that it was dependent.

We find no case which presents precisely the same features as this, but the principle which controls it has been applied in other courts. Shute v. Taylor, 5 Metc. (Mass.) 61; Lampman v. Cochran, 19 Barb. (N. Y.) 388; Cook v. Finch, 19 Minn. 407 (Gil. 350). In these cases the rule is laid down that where a sum is agreed on as liquidated damages for breach of two or more provisions of a contract, and breach of only one occurs, the sum stipulated for breach of all the provisions cannot be recovered, but the actual damages must be proved. It results that $50 a day cannot be accepted as the liquidated damages intended by the parties to be paid to the defendant for his damages apart from his obligation to the government. We have tried to show that this is the conclusion required in the application of the rules of law, giving full force to the decisions of the Supreme Court of the United States and the Supreme Court of Appeals of Virginia. It requires no argument to show that, when we look away from precedent

to the intent of the parties and the justice of the matter, the conscience would be shocked by a construction of the contract which would require the plaintiff to pay as damages $50 a day as an absolute obligation assumed by him when the main factor which entered into that estimate and obligation, as expressed by the contract itself, has been canceled. The unjust consequences of such a construction are still more apparent when it is considered that the defendant had like contracts with four or five other subcontractors, all expressing, as the special feature of the obligation, protection against the liability of $50 a day which the defendant might incur to the government. It could not have been contemplated that the defendant should recover in the aggregate four or five times $50 a day from its subcontractors, when the special liability which their obligation was intended to provide against had entirely disappeared.

The result is that the judgment must be reversed, and the cause remanded to the District Court for a new trial to ascertain the actual damages suffered by the defendant for the plaintiff's delay in the completion of his contract. Under this view it is only necessary to say, as to the third assignment of error, that it cannot be material whether the defendant has demanded of other subcontractors damages for their delays, since the plaintiff will be responsible only for the damage due to his delay.

Reversed and remanded for a new trial.