Argued December 16, 1915, reversed and remanded January 18, rehearing denied March 14, 1916.

# RAINIER *v.* MASTERS.

(154 Pac. 426; 155 Pac. 1107.)

**Damages—Liquidated Damages—Breach—Construction.**

1. A stipulation in a contract for the improvement of streets that if the work was not completed by September 15, 1909, the contractor should forfeit the sum of $10 for each day, Sundays excepted, elapsing after the expired time to date of completion, provided that if in the engineer's opinion the delay was unavoidable, the city council might extend the time for completion, secured by the bond of a surety company conditioned for the contractor's performance of the contract, was limited to the time between September 15, 1909, and the completion of the improvement, and contemplated a fulfillment of the contract, and not a breach by abandonment, and showed an intention that it should not apply to general damages, but only to mere delay.

> [As to effect of contract liquidating damages, see note in 108 Am. St. Rep. 50.]

**Damages—Liquidated Damages—Action—Sufficiency of Complaint.**

2. In the city's action on such bond, begun April 21, 1913, alleging that there was no cause for delay and no extension of time, its demand on the contractor and surety to complete the contract and their refusal to do so, and damages at $10 a day from the specified time of completion, not showing the completion of the contract so as to fix the termination of the period of forfeiture to which the damages might be applied, was bad on demurrer.

**Damages—Liquidated Damages—Forfeitures.**

3. Forfeitures are to be strictly construed, and one who would avail himself of them must bring himself precisely within the letter of the contract authorizing them.

**Damages—Liquidated Damages—Grounds.**

4. In general, damages are limited to compensation that the injured party may be made whole, and it is only where it is difficult or impossible to calculate the actual damages that the previous stipulation of the parties for liquidated damages will be enforced.

**Damages—"Nominal Damages"—Breach of Contract.**

5. Where an agreement is stated and a breach thereof is alleged, the measure of damages, in the absence of anything else, will. be an award of "nominal damages," which means those damages that exist only in name and not in amount; no damages at all; a mere peg to hang costs on; such as are awarded in a case where there has been a breach of a contract and no actual damages whatever have been or can be shown.

**Pleading—Construction After Verdict.**

6. After verdict, the pleadings will be construed most strongly against the defeated pleader.

**Damages—Nominal or Substantial Damages—Complaint—Evidence.**

7.  A complaint, in a city's action against a contractor to recover damages, alleging the making of the contract and that the contractor entered upon the performance thereof, was not predicated upon the allowance of nominal damages, but inferentially alleged that the defendant had done part of the work beneficial to the city, so that it was competent for defendant to show such benefit to the city and lessen the claim for general damages and effectually overcome mere nominal damages arising from a technical breach of the contract.

**New Trial—Grounds—Nominal Damages.**

8.  As a general rule, a new trial will not be granted to enable a party to recover nominal damages.

**Appeal and Error—Review—Invited Error.**

9.  Where a city suing its contractor to recover general damages on a partly completed contract did not offer to prove that branch of the case, error, if any, in the court's refusal to consider that phase of the contention was error invited by the plaintiff, availing it nothing on appeal.

**Appeal and Error—Review—Theory of Case Below.**

10.  Where such action was avowedly tried on the assumption that the *per diem* compensation of $10 per day as liquidated damages was the only proper measure of damages, and where the plaintiff, having had its day in court on the feature of general damages, refused to avail itself of such opportunity, it could not, on appeal, have the case considered on the question of nominal damages.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.   Statement by MR. JUSTICE BURNETT.

This is an action by the City of Rainier, a municipal corporation, against Charles Masters and the U. S. Fidelity & Guaranty Company, a corporation.

It appears by the complaint that the plaintiff city determined by ordinance to improve certain streets within its boundaries; that it let contracts for two separate improvements to the defendant Masters, for whom the other defendant gave in each case a bond conditioned thus:

"Now, if said contractor shall well and faithfully perform all the covenants and conditions in said contract mentioned, and shall indemnify and save harmless the City of Rainier against all claims or liens for labor, work, or material on account of all subcontrac-

tors, materialmen, laborers, and mechanics furnishing labor or material under said contract, then this obligation shall be void, otherwise to remain in full force and virtue.''

The contract was to be completed by September 15, 1909. The complaint states that Masters began performance, but that both he and his surety ''failed and neglected to complete said contract in any manner by September 15, 1909, or otherwise or at all, and said contract remains uncompleted to this day, and it will take a good many thousands of dollars to complete this contract.'' It is also averred that:

''It was further provided in said contract that should the work under this agreement not be completed within the time specified, which was September 15, 1909, the contractor should forfeit the sum of $10 for each and every day, Sunday excepted, which should elapse after the expired time to date of completion, provided, that if in the opinion of the engineer the delay was on account of unavoidable causes, the council may extend the time for the completion of the work.''

Pleading that there was no cause for delay and no extension of time, and demands of the contractor and surety to complete the contract, which both have failed and refused to do, plaintiff alleges that it has been damaged in the sum named on each cause of action, being $13,226.20 on one contract, and $3,532.20 on the other. The complaint was filed April 21, 1913. A general demurrer to it was filed, the disposition of which does not appear in the abstract.

The answer of each defendant admits all the allegations of the complaint, except the assignment of the breach of the contract and the performance by the plaintiff on its part, both of which are denied. A jury trial resulted in the following verdict:

"We, the jury, in the above-entitled matter, find for the defendants."

"We, the jury, find that the council of the City of Rainier did extend the time for the completion of road district No. 1."

"We, the jury, find that the contract for road district No. 1 was substantially completed on the 1st of November, 1910."

"We find that the council of the City of Rainier did extend the time for the completion of road district No. 2."

"We, the jury, in the above-entitled cause, find that the contract was substantially completed on the 1st of November, 1910."

A judgment for the defendants on this verdict was afterward set aside by the court on motion of the plaintiff on the grounds of the insufficiency of the evidence, disregarded by the jury of the instructions of the court, mistakes in admission of evidence, and erroneous charge to the jury. The defendants appeal.

Reversed With Directions.

For appellant, Charles Masters, there was a brief and an oral argument by *Mr. Robert C. Wright.*

For appellant, the U. S. Fidelity & Guaranty Company, there was a brief over the name of *Messrs. Beach, Simon & Nelson,* with an oral argument by *Mr. R. C. Nelson.*

For respondent there was a brief with oral arguments by *Mr. William H. Cooper* and *Mr. Ralph R. Duniway.*

Mr. Justice Burnett delivered the opinion of the court.

1. The complaint declares an abandonment of the contract after the commencement of performance. At

. what stage of the work this occurred is not stated. The effort of the plaintiff is to apply to such a breach the stipulation for the allowance of $10 a day for delay in completing the undertaking. We note that by the provisions of the agreement itself this *per diem* forfeit is not to be applied for an indefinite period in the discretion of the plaintiff. On the contrary, the stipulation is limited to time "which should elapse after the expired time to date of completion." In other words, the term for which the amercement is to be allowed is bounded in the beginning by September 15, 1909, and is ended at the completion of the improvement. The pleadings fail to disclose such latter date. Indeed, the plaintiff virtually states that there is no such date in that it says the enterprise was never finished. The manifest intention of the parties was, not to apply this clause to general damages, but only to mere delay. The stipulation on that point contemplates a fulfillment of the contract although belated, and not a breach by abandonment. It is plain that if the contractor had finished his work in a defective manner by September 15, 1909, the covenant in question would not have been the standard by which the damages to the city would have been measured. It can only apply where he has done the work in every respect as agreed upon so far as structure and materials are concerned, and yet has been behind time. Clearly, the provision for damages must be applied to an apposite breach. The principle is thus aptly stated in the note to *Moses* v. *Autuono*, 56 Fla. 499 (47 South. 925, 20 L. R. A. (N. S.) 350):

"It seems to be generally held that, where a contract provides for the payment of stipulated damages for a particular breach, such stipulation is applicable only to the breach provided for; and, upon the abandonment or repudiation of the entire contract, the injured party, if

his actual damages are the greater, is not limited to the stipulated damages, or *vice versa,* if the latter are the greater, he is limited to the actual damages.''

Other cases illustrating the principle are *Oakland Electric Co.* v. *Union Gas & Elect. Co.,* 107 Me. 279 (78 Atl. 288) ; *Muehlbach* v. *Missouri & K. I. Ry. Co.,* 166 Mo. App. 305 (148 S. W. 453) ; *Bedford* v. *Miller,* 212 Fed. 368 (129 C. C. A. 44) ; *Ward* v. *Haren,* 183 Mo. App. 569 (167 S. W. 1064) ; *Murphy* v. *United States F. & G. Co.,* 100 App. Div. 93 (91 N. Y. Supp. 582) ; *Gilette* v. *Young,* 45 Colo. 562 (101 Pac. 766).

2–4. Forfeitures are to be strictly construed, and he who would avail himself of them must bring himself precisely within the letter of the contract authorizing them. It was not the intention of the parties, as manifested by their agreement, to create a perpetuity of *per diem* forfeiture bounded only by the statute of limitations or the rapacity of the plaintiff. In general, damages are limited to compensation to the end that the injured party may be made whole, and it is only where it is difficult or impossible to calculate the actual damage that the previous stipulation of the parties for liquidated damages will be enforced. Such is the teaching of *Wilhelm* v. *Eaves,* 21 Or. 194 (27 Pac. 1053, 14 L. R. A. 297), and kindred cases decided by this court. The complaint does not portray any condition to which the drastic remedy of liquidated damages is applicable. It was at least the duty of the pleader to show a completion of the contract, and thus establish the termination of the period of forfeiture. Failing to do so, he has not stated in any event a breach to which can be applied the measure of damages he invokes. For aught that appears, the contract may have been completed, except for a few trifling particulars which might be easily and quickly remedied. The

measure of damages in such a case in justice and good conscience would be the difference between the contract price and the greater cost of completing it, but no situation of the kind is presented by the pleadings. The plaintiff's case was bad on demurrer. The verdict of the jury reached the same conclusion, and should not have been disturbed. The cause is reversed and remanded, with directions to enter judgment for the defendants on the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.

MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.

MR. JUSTICE BEAN concurs in the result.

MR. JUSTICE EAKIN did not take any part in the consideration of this case.

---

Denied March 14, 1916.

ON PETITION FOR REHEARING.

(155 Pac. 1197.)

*Mr. William H. Cooper* and *Mr. Ralph R. Duniway,* for the petition.

*Mr. Robert C. Wright* and *Messrs. Beach, Simon & Nelson, contra.*

Department 2. MR. JUSTICE BURNETT delivered the opinion of the court.

It will be remembered that this is an action by the plaintiff city against a paving contractor and his surety to recover damages for an alleged breach of his agreement, which is thus assigned in the complaint:

"That said defendant, Charles Masters, entered upon the performance of said contract with plaintiff,

but said defendants, and each of them, utterly failed and neglected to complete said contract in any manner by September 15, 1909, or otherwise or at all, and said contract remains uncompleted to this day, and it will take a good many thousands of dollars to complete this contract.''

On the trial in the Circuit Court the plaintiff sought to enforce as its measure of damages a diurnal forfeiture of $10, and tried its case on that theory. We find in the petition for rehearing that:

''Upon the trial, plaintiff made no attempt to prove as its measure of damages the difference between the contract price and the greater cost of completing the contracts, because the lower court ruled, in accordance with the contention of plaintiff, that plaintiff was entitled to recover the $10 per day as liquidated damages.''

Generally, and on special verdicts submitted on the motion of the plaintiff, the jury found in favor of the defendants. The trial court set this verdict aside on the plaintiff's application, and the defendants appealed. We held that the stipulated sum *per diem* was not the measure of damages to be applied to an abandonment of the contract, reinstated the verdict, and directed judgment in accordance therewith.

The essence of the petition for rehearing is that this court should not have terminated the action, but should have remanded the cause to the court below for a new trial so as to give the plaintiff an opportunity to prove general damages. On the faith of *Sunnyside Land Co.* v. *Willamette Bridge Ry. Co.,* 20 Or. 544 (26 Pac. 835), *Hoskins* v. *Scott,* 52 Or. 271 (96 Pac. 1112), and *State* v. *Portland Gen. Elec. Co.,* 52 Or. 502 (95 Pac. 722, 98 Pac. 160), counsel for the plaintiff argues that, the complaint having alleged the making of the contract

and a breach thereof, enough is stated to compel the allowance of nominal damages at all events.

5–7. It is true, as a general principle, that, if an agreement is stated and a breach thereof is alleged, in the absence of anything else that measure of indemnity will be awarded. We note that all the precedents cited by the plaintiff on the petition for rehearing are those where a contractor has undertaken to recover upon an agreement without having shown complete performance. The instant case is not like those. The city essays to recover damages. It not only alleges the making of the contract, but it further states that the contractor entered upon the performance thereof. In other words, by inference at least it advances the proposition that the defendants had done something of the work beneficial to the plaintiff which would amount to a mitigation of damages. This construction is justified by the principle that after verdict the pleading will be construed most strongly against the defeated pleader. The complaint in that respect is entirely consistent with the hypothesis that the contractor had completed his undertaking to such an extent that the city would derive profit therefrom although full performance of his stipulation was not accomplished. In such an action as this, it would be competent for the defendants to show such benefit to the city, and so lessen the claim for general damages and effectually overcome mere nominal damages which would arise from a technical breach of the contract. We quote from 5 Words & Phrases, page 4816:

"Nominal damages means those damages that exist only in name and not in amount: *Brennan* v. *Berlin Iron Bridge Co.*, 72 Conn. 386 (44 Atl. 727; 728). Nominal damages means no damages at all. In the quaint language of an old writer, they are a mere peg to hang costs on. They are such as are to be awarded

in a case where there has been a breach of a contract, and no actual damages whatever have been or can be shown: *Stanton* v. *New York & E. R. Co.*, 59 Conn. 272 (22 Atl. 300, 303, 21 Am. St. Rep. 110)."

8. The complaint is not predicated upon the allowance of nominal damages. The admission therein that the defendant contractor entered upon the performance of his work excludes the idea of such trivial compensation. Moreover, as stated in *Beattie* v. *New York, etc. R. Co.*, 84 Conn. 555 (80 Atl. 709), "as a general rule, a new trial will not be granted to enable a party to recover nominal damages." The indefinite expression in the complaint that "it would take a good many thousands of dollars to complete this contract" is in harmony with the concept that the contract could be completed for much less than the contract price, and, this being true, the plaintiff would not suffer damage by its noncompletion. Nominal damages having been eliminated by the admission of part performance of the work, it was incumbent upon the pleader to go farther and plead facts from which the court could derive the conclusion that the plaintiff would suffer loss notwithstanding the labor and materials furnished by the contractor.

9. Passing this, however, and conceding for the sake of argument that the complaint does state a cause of action for general damages on a partly completed contract, the plaintiff confessedly made no effort to prove that branch of its case. If the court was wrong in not considering that phase of the contention, it was error invited by the plaintiff itself, and avails it nothing in this court: *Fleishman* v. *Meyer*, 46 Or. 267 (80 Pac. 209); *Gresham* v. *Harcourt*, 93 Tex. 149 (53 S. W. 1019); *American Const. Co.* v. *Caswell* (Tex. Civ. App.), 141 S. W. 1013.

10. The case was avowedly tried on the assumption that the *per diem* compensation was the only proper measure of damages, and, this postulate having been adopted by the plaintiff, it is the only one which this court will consider. The complainant, having had its day in court on the feature of general damages and having refused to avail itself of its opportunity, cannot now mend its hold and reopen the litigation: *Wyatt* v. *Henderson,* 31 Or. 48 (48 Pac. 790) ; *Anderson* v. *Portland Flouring Mills Co.,* 37 Or. 483 (60 Pac. 839, 82 Am. St. Rep. 771, 50 L. R. A. 235) ; *Mattis* v. *Hosmer,* 37 Or. 523 (62 Pac. 17, 632) ; *Larch Mountain Inv. Co.* v. *Garbade,* 41 Or. 123 (68 Pac. 6) ; *State* v. *Davis,* 42 Or. 34 (71 Pac. 68, 72 Pac. 317) ; *Durning* v. *Walz,* 42 Or. 109 (71 Pac. 662) ; *Ward* v. *Queen City Ins. Co.,* 69 Or. 347 (138 Pac. 1067).

Much is said in the petition for rehearing about the effect the ruling upon this petition may have upon the city's effort to collect from its taxpayers the funds to pay for the improvement. The questions suggested are *coram non judice.* All we have decided is that the *per diem* forfeiture was not a correct measure of damages in the case stated by the complaint, and that having presented that question alone to the Circuit Court, where the plaintiff had the opportunity to litigate the question of general damages, but did not, the Circuit Court was in error in setting aside a verdict of the jurors on the issue committed to them.

The petition for rehearing is denied.

REVERSED AND REMANDED WITH DIRECTIONS.

REHEARING DENIED.

MR. JUSTICE BEAN, MR. JUSTICE HARRIS and MR. JUSTICE BENSON concur.