Argued November 15, 1951, affirmed January 23, 1952

## HALL *v.* CORNETT ET AL.
240 P. 2d 231

*Windsor Calkins,* of Eugene, argued the cause for appellants. On the brief were Calkins & Calkins, of Eugene.

*Paul E. Geddes* and *George Luoma,* of Roseburg, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and HAY, ROSSMAN, LUSK, WARNER and TOOZE, Justices.

BRAND, C. J.

Action for damages resulting from an automobile collision. The pleadings and evidence raised issues of

negligence and contributory negligence. The jury brought in a verdict for the plaintiff. Thereafter, upon motion of the plaintiff, the court ordered "THAT the judgment entered herein and the verdict upon which said judgment is based be and the same are hereby set aside; and that the plaintiff be and is hereby granted a new trial * * *." Defendants appeal.

After the jury had retired for deliberation they brought into court the following instrument designated "VERDICT":

"We, the jury, duly empanelled and sworn to try the above entitled action, find our verdict in favor of the Plaintiff and against the defendants, and assess damages against defendants in the sum of One Dollar as General Damages, and the further sum of $1006.40 Special Damages."

The instrument was signed by the foreman. The jury was polled and all voted "yes." The court, however, refused to receive the tendered verdict and sent the jury back to the jury room to await further instructions. After considering the form of the verdict, the court recalled the jury and instructed them as follows:

"* * * A case of this sort is divided into two parts. The first question for consideration of the jury is a question of liability and that is a question of fact for your determination under the evidence submitted here and under the instructions as to the law given you by the Court. You first then make your finding then upon liability and I explained to you the rules of law with reference to negligence, contributory negligence and the rules of the road and all of those matters in the case. According to this verdict which you have brought in here, you have allowed the sum of $1.00 as general damages. Now, if the plaintiff is entitled to recover in this case, she is entitled to recover a substantial amount or, rather, she is entitled to recover such an amount

as would reasonably compensate her for the damages which she has sustained. The evidence in this case shows, without contradiction, that this woman was, received a broken leg and was in the hospital for ten weeks. I think you will have to agree with me that $1.00 wouldn't compensate her for that. So, if you find in her favor, which, of course, is a question for your consideration entirely, you must find an amount which will reasonably compensate her for that damage. Before you can allow anything for special damages, there must be a verdict for general damages in more than a nominal amount. In other words, by your finding, you have—this verdict, you have substantially said that the defendants were guilty of negligence; the plaintiff was free from contributory negligence, but you have said that the damages sustained by this woman is only $1.00; that is an inconsistent verdict with an allowance of special damages, because, before she would be entitled to anything for special damages, you must find the general verdict in her favor for general damages. Now, I think that matter was before the Court in one case before in this Court at this term in which the jury stayed out all night; it is the same question. It was up at that time; some of you will remember and others of you weren't on the jury. I will ask you to retire and reconsider this verdict. You may retire in charge of the bailiffs.''

Upon receiving the foregoing instructions the jury again retired, and after further deliberation, they returned into the court the following verdict:

''We, the jury duly empanelled and sworn to try the above entitled action, find our verdict in favor of the plaintiff and against the defendants and assess damages against the defendants in the sum of $300.00 as general damages and the further sum of $707.40 special damages.''

For convenience, we shall refer to the ''first verdict'' and the ''second verdict'', although the first so-

called verdict was never received by the court. Comparison of the two verdicts shows that the total sum allowed in each was the same to the cent. The first verdict was for $1 general and $1,006.40 special damages, or a total of $1007.40. The second verdict was for $300 as general and $707.40 as special damages, or a total of $1007.40.

We are not concerned in this case with the broad question of liability. There are only two assignments of error, which read as follows:

1. "The Court erred in refusing to receive the verdict of the jury for the plaintiff in the sum of $1.00 as general damages and the further sum of $1,006.40 special damages, and in directing the jury to retire and return a larger verdict for the plaintiff as general damages."

2. "The Court erred in setting aside the judgment for $300.00 as general damages, and the further sum of $707.40 as special damages and granting a new trial of the above entitled action."

We will first consider whether the trial court erred in refusing to receive the first verdict. From two sections of the Code of Civil Procedure we quote the following portions:

"\* \* \* If the verdict be informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out." OCLA, § 5-319.

"When the verdict is given, and is such as the court may receive, and if no juror disagree, or the jury be not again sent out, the clerk shall file the verdict. The verdict is then complete, and the jury shall be discharged from the case. \* \* \*" OCLA, § 5-320.

In the light of these statutes, the question for determination is whether the verdict was sufficient or was "such as the court may receive." It is also provided

by statute that: "When a verdict is found for the plaintiff in an action for the recovery of money * * * the jury shall also assess the amount of recovery;" OCLA, § 5-405. When a jury, having found for a plaintiff, fails to assess the amount of recovery, the court should cause the jury to correct the verdict or should send the jury out again for further deliberations. *Goyne v. Tracy,* 94 Or 216, 185 P 584; *McLean v. Sanders,* 139 Or 144, 7 P2d 981.

Three Oregon cases have an important bearing upon this question, although none of them is on all fours with the case at bar. In *McLean v. Sanders,* supra, the action was for false imprisonment. The verdict was as follows:

"We, the jury * * * find our verdict for the plaintiff and against the defendants, and assess plaintiff's general damages in the sum of no dollars, and further assess punitive damages against defendants in the sum of no dollars."

The trial court treated the verdict as one for the defendants and awarded judgment in favor of the defendants for their costs and disbursements. The plaintiff moved for an order setting aside the verdict and judgment and granting a new trial. The trial court denied the motion and the plaintiff appealed. This court held that it was impossible to ascertain from the verdict whether the jury intended to find for the plaintiff or for the defendants. The judgment was reversed and the cause remanded for a new trial.

In *Klein v. Miller,* 159 Or 27, 77 P2d 1103, the plaintiff sued for damages caused by alleged negligence in the operation of a motor vehicle. The jury's verdict was: "We the jury * * * find for the plaintiff and assess his damages at the sum of $no damages." The trial court entered judgment for the defendant

but later set aside the verdict and judgment and granted a new trial. The defendant appealed. This court held that the case was governed by the rule announced in *McLean v. Sanders,* supra. The court said that the verdict was neither for the plaintiff nor for the defendant and was therefore no verdict at all. The order granting a new trial was affirmed. In both of these cases there was a dissent by Mr. Justice ROSSMAN in which it was strongly urged that the verdicts should be construed as being for the respective defendants. It is important to note, however, that all of the judges were agreed that a verdict for the plaintiff for "$no" without more cannot be permitted to stand as a verdict for the plaintiff. The majority in each case held that a new trial was required, the minority, that such a verdict warranted judgment for the defendant.

In *Snyder v. Portland Railway, L. & P. Co.,* 107 Or 673, 215 P 887, the plaintiff brought an action for negligence, alleging that the defendant damaged plaintiff's truck in the sum of $832.52. Damage in that amount was established by undisputed evidence. Both negligence and contributory negligence were in issue. The jury returned a verdict for the plaintiff in the sum of $1. In this case it was the plaintiff who moved for a new trial. The motion was denied and the plaintiff appealed. This court said:

"* * * In this case defendant's liability was denied and the evidence offered at the trial was sufficient to warrant the jury in returning a verdict in the defendant's favor. Before the jury could rightfully find a verdict for the plaintiff it was necessary for it to find that the defendant was liable, and unless it found the defendant liable, it had no right to return a verdict against the defendant. It does not follow that because the plaintiff obtained a verdict for one dollar while suffering damages in a sum greater than one dollar that the

verdict was equivalent to a finding by the jury that the defendant was liable. The effect of the verdict is that the defendant was not liable for any sum except one dollar.''

This court held that the fact that the jury returned a verdict for only one dollar, knowing that plaintiff's damage was far greater, showed that they had returned a compromise verdict in order to impose costs upon the defendant company. The court said:

''This verdict, however, was virtually a verdict for the defendant. By it the plaintiff was given one dollar more than he was entitled to. But as he was not injured thereby, he cannot complain. He is not entitled to have this verdict set aside and a new trial granted unless, under the same evidence, he would have been entitled to have the verdict set aside if the jury had found a verdict in favor of the defendant.''

The order of the circuit court denying plaintiff's motion for a new trial was affirmed.

■ To summarize: In both the McLean and Klein cases, the verdicts were originally treated as being for the defendants, and judgments were entered accordingly. It was the plaintiff who sought a new trial. In the one case the Supreme Court awarded a new trial, reversing the lower court. In the other, the lower court granted a new trial and the Supreme Court affirmed. In the Snyder case the verdict for $1 was treated by the trial court as a verdict for the plaintiff, and judgment, carrying costs, was entered accordingly. This court considered the verdict as "virtually" for the defendant but affirmed for the reason stated. It may be that this court will reconsider the ruling in the McLean and Klein cases in the light of the arguments presented in the two dissents when a case requiring such reconsideration arises. But that issue is not presented for

necessary decision here. In the case at bar, when we consider the verdict as a whole, we cannot assume that the jury intended a general verdict for the defendant, since they awarded to the plaintiff $1006.40 as special damages. All of the three cases discussed support the view that a simple verdict for the plaintiff for no dollars or for one dollar cannot support a judgment for a plaintiff if attacked by the party injured thereby.

■ We will next consider these principles so far as applicable to the particular facts in the case at bar. There was undisputed evidence of damage to plaintiff in the following amounts:

| | |
|---|---|
| Doctor bill | $242.00 |
| Hospital bill | 749.40 |
| Ambulance | 10.00 |
| Crutches | 5.00 |
| Optometrist | 11.00 |
| Drugs | 1.75 |
| Cleaning bill | 2.25 |

These are all items of damage such as do not necessarily result from the injury complained of and which the law does not imply as a result thereof. They are items properly classified as special damages. 15 Am Jur, Damages, 847, § 305; Restatement, Torts, § 904. The sum of the first four items is the same as the sum of the first two and the last three items, namely, $1006.40, which is the exact amount returned as special damages by the first verdict. Subject only to a choice between the two additions, we know exactly how the jury reached that verdict.

■■ The undisputed evidence was to the effect that the plaintiff, as a result of the collision, was in the hospital for ten weeks. She suffered a fracture of the neck of the femur, a concussion, and bruises. The doctor set the bone, drilled a hole through plaintiff's leg above

the knee, put in a pin, and put the plaintiff in traction with a 16-pound weight pulling on the bone for seven or eight weeks while plaintiff was on her back. She suffered pain. It is unnecessary to say that, if there was liability, she was entitled to general compensatory damages. This court has said:

> "* * * Some damages are always presumed to follow from the violation of any right or duty implied by law. * * *" *Smith v. Pallay et al.,* 130 Or 282, 279 P 279.

But this rule must be understood in connection with another. In a case of personal injury, caused by common law negligence, such as is alleged here, an actor is liable only if he invades an interest which the law protects against unintended invasion. 65 CJS 319, Negligence, § 1, c; Restatement, Torts, § 281; 38 Am Jur, Negligence, 672, § 27. Damage is the gravamen of such an action for negligence. Negligent contact with the person of another, causing no physical damage is not actionable. That is to say, no right of the plaintiff is invaded in such a case unless actual damage is done. *Sullivan v. Old Colony Street Railway,* 200 Mass 303, 86 NE 511; *Muncie Pulp Co. v. Davis,* 162 Ind 558, 70 NE 875; 1 Am Jur, Actions, 424, § 31; *Christopher v. McGuire,* 179 Or 116, 169 P2d 879; *Schumann v. Bank of California,* N. A., 114 Or 336, 233 P 860; *Chambers v. Everding & Farrell,* 71 Or 521, 136 P 885; 143 P 616. It is clear beyond dispute that the jury, by its first verdict, made no attempt to award compensatory damages. They attempted to award nominal damages in a case in which such an award was improper.

> " 'Nominal damages' are a trivial sum of money awarded to a litigant who has established a cause of action but has not established that he is entitled to compensatory damages." Restatement, Torts, § 907.

This court has approved the following definition:

" 'Nominal damages means those damages that exist only in name and not in amount: Brennan v. Berlin Iron Bridge Co., 72 Conn. 386 (44 Atl. 727, 728). Nominal damages means no damages at all. In the quaint language of an old writer, they are a mere peg to hang costs on. They are such as are to be awarded in a case where there has been a breach of a contract, and no actual damages whatever have been or can be shown: Stanton v. New York & E. R. Co., 59 Conn. 272 (22 Atl. 300, 303, 21 Am. St. Rep. 110.)' " *Rainier v. Masters,* 79 Or. 534, 154 P 426; 155 P 1197.

■ There are many cases of tort in which nominal damages may be allowed, as, for example, in actions for violation of the right of privacy (*Hinish v. Meier & Frank Co.,* 166 Or 482, 113 P2d 438); breach of contract where no actual damages are suffered (*Rainier v. Masters,* supra, 79 Or 534, 154 P 426); defamation, malicious persecution, interference with the right to vote, breach of duty by a public officer, trespass to land, and perhaps in other cases. Restatement, Torts, § 907, comment b. But in this negligence case, nominal damages could not be awarded because, as we have indicated, there is no right protected by the law, against negligent action in a case of this kind unless there is actual damage. If there is actual damage, the statute requires the jury to assess it.

■ The court instructed the jury that if they found in favor of the plaintiff on the issue of liability, they should take into consideration her injuries and her pain and suffering. He further directed that if they should find for the plaintiff, they should return a form of verdict in which the general and special damages were separately stated. The jury returned a general verdict, which, if considered alone, would require the granting

of a new trial at the prayer of the defendant on the authority of *McLean v. Sanders* and *Klein v. Miller,* both supra, or which would have authorized a judgment for the defendant under *Snyder v. Portland Railway L. & P. Co.,* supra. We must, however, consider the first verdict in its entirety as one giving noncompensatory and merely nominal general damages plus substantial special damages. We quote with approval from an annotation by the editors of ALR:

> "The question discussed in this annotation is whether a verdict may validly award plaintiff, in a personal injury action, the exact amount of his medical expenses without simultaneously awarding him damages for pain and suffering where claim therefor was properly made and proven.
>
> "The number of cases in which this question has been specifically answered is relatively small. But despite the dearth of authority, it seems permissible to state, on general principles, that such a verdict is invalid, and all the cases in which this particular point was involved are in accord with this rule. "
> 20 ALR2d 276.

The following cases support the text: *Johnson v. Franklin,* 112 Conn 228, 152 A 64; *Browder v. Beckman,* 275 Ill App 193; *Ashland Coca Cola Bottling Co. v. Brady,* 252 Ky 183, 66 SW2d 57; *Schriewer v. Schworer,* 296 Ky 749, 178 SW2d 598; *Wall v. Van Meter,* 311 Ky 198, 223 SW2d 734, 20 ALR2d 272; *Greiner v. Turby,* (1941, Pa) 52 Dauph Co 131; *Lo Bianco v. Willgrubs,* (1942, Pa) 52 Dauph Co 358. The opinions cited deal with cases in which special damages only were awarded, with no award for general damages, but the principle involved is equally applicable when substantial special damages are awarded along with an unauthorized award of nominal damages.

■ The award of nominal general damage and substantial special damage involved an inconsistency. It

indicated a compromise verdict and they violated the instructions of the court. The first verdict was therefore, not "such as the court may receive." We could not reinstate the so-called first verdict because it never became a verdict at all. Under the provisions of OCLA, § 5-320, supra, the purported first verdict never became complete because the jury was sent out again, reconsidered its decision, and returned with a different verdict. "Until a verdict is accepted by the court, it is no verdict at all." *Schulman v. Stock,* 89 Conn 237, 93 A 531. We give no consideration to the correctness of the instructions which the trial court gave to the jury when it sent them back for further consideration. If, after the receipt of the second verdict, the trial court had concluded that there was error in those instructions, or in sending the case back for further consideration, the only proper remedy would have been to grant a new trial. This the court did, although for different reasons.

■ We turn to the second assignment of error which relates to the setting aside of the second verdict and the granting of a new trial. In returning that verdict, the jury was guilty of misconduct. The record conclusively shows that they merely juggled the figures which they had adopted in their first abortive verdict. They simply borrowed $299 from the undisputed amount of the special damages, as first found by them, and added that sum to the $1 which they had previously attempted to award as general damages, with a resultant verdict for $300 general damages and $707.40 special damages. They gave no genuine consideration to the instructions of the trial court to award to the plaintiff, in the event they found liability, such "sum of money as would reasonably compensate her for such injuries and damages, pain and suffering." They stub-

bornly adhered to what was apparently a compromise verdict between some who found liability and others who found none. Our statute provides that a judgment may be set aside and a new trial granted on the motion of the party aggrieved in the event of irregularity in the proceedings of the jury by which such party was prevented from having a fair trial, or for misconduct of the jury. OCLA, § 5-802. There is nothing in *Van Lom v. Schneiderman,* 187 Or 89, 210 P2d 461, which prevents the granting of a new trial in a case of this kind.

The judgment is affirmed.