Argued and submitted July 22, reversed and remanded for new trial
December 21, 1994

Patricia S. WHITMAN-MCCOY,
*Appellant,*

*v.*

DEPARTMENT OF CORRECTIONS,
State of Oregon,
*Respondent,*

*and*

Keith LEAVITT,
*Defendant.*

(91C-11710; CA A80685)

887 P2d 375

Kelly E. Ford argued the cause for appellant. With him on the briefs was J. Mark Lawrence.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Haselton, Judges.

EDMONDS, J.

**EDMONDS, J.**

In this common law wrongful discharge action, the jury returned a verdict that said:

"1. Did defendant Department of Corrections wrongfully discharge the plaintiff from employment?

"ANSWER: 'Yes' or 'No'    Yes

"* * * * *

"2. (a) Did the termination cause damages to plaintiff?

"ANSWER: 'Yes' or 'No'    No   "

The trial court subsequently entered judgment in favor of defendant.[1] Plaintiff appeals and requests a new trial solely on the issue of damages. She argues that the instructions given to the jury regarding damages were erroneous. We reverse.

Plaintiff was employed as a Department of Corrections (DOC) officer trainee from July, 1990, until she was discharged in November, 1990. In her claim, she alleges that she was wrongfully discharged after she gave information to a prisoner, at his request, about Prison Fellowship, an independent Christian ministry to prisoners and their families. During the trial, testimony and documentary evidence about her pecuniary loss resulting from the discharge was admitted. That evidence was uncontroverted by DOC. She also testified about her feelings of frustration and betrayal resulting from her discharge from employment.

At the conclusion of the evidence, plaintiff proposed instructions on damages, which the trial court rejected. Instead, the trial court gave instructions, to which plaintiff excepted, that used the words "injury" and "injuries" in several places. First, plaintiff argues that the words "injury" and "injuries" misled the jury into believing it could only award damages for physical injuries and that there was no evidence that she suffered physical injuries as a result of her discharge from employment. The trial court gave the following instructions to the jury regarding damages:

---

[1] Defendant Leavitt is not a party to this appeal. The only claim on appeal is for wrongful discharge, and when we refer to "defendant," we are referring to defendant Department of Corrections.

"If you find that plaintiff is entitled to damages, then it is your duty to determine the amount of general damages that she has suffered because of any *injuries* which have been caused by the fault of the defendant.

"The law does not furnish you with any fixed standard by which to measure the exact amount of general damages. The law does require that all compensation allowed be reasonable. You must apply your own considered judgment to determine the amount.

"In determining the amount of general damages, consider each of the following:

"First, consider all past mental pain and suffering, if any, which plaintiff has suffered from such *injuries* from the time the plaintiff received them up until the present time.

"Two, consider any interference with plaintiff's normal and usual activities, apart from the activities in a gainful occupation which you find have been sustained from the time she received them to the present time.

*"If you have found that the plaintiff is entitled to general damages, you shall then determine the amount, if any, of the special damages caused by defendant.*

"Special damages in this case is the amount of the earnings lost by plaintiff since *the injury* to date." (Emphasis supplied.)

■■■ A judgment cannot be reversed on the basis of improper jury instructions unless we "can fairly say that the instruction[s] probably created an erroneous impression of the law in the minds of the [jurors] which affected the outcome of the case." *Waterway Terminals v. P. S. Lord*, 256 Or 361, 370, 474 P2d 309 (1970). We consider the claim of error in the light of the instructions as a whole. *Hansen v. Bussman*, 274 Or 757, 781, 549 P2d 1265 (1976). We hold that the trial court's use of the words "injury" and "injuries" did not mislead the jury. *Webster's Third New International Dictionary* 1164 (1976), defines "injury" to include

"an act that damages, harms or hurts: an unjust or undeserved infliction of suffering or harm."

The record is devoid of any indication that plaintiff claimed she had suffered physical injury. The jury must have been fully aware that the claim that it was considering was for damages other than personal injury.

Furthermore, the Supreme Court in *Holien v. Sears, Roebuck and Co.*, 298 Or 76, 97, 689 P2d 1292 (1984), has also used the words "injury" and "injuries" to describe damages in a wrongful discharge action.[2] In the context of the issues and the evidence presented, we do not believe that the terms "injury" and "injuries" in the instructions could be interpreted in any other manner than as referring to the results of the wrongful discharge.

■     Next, plaintiff focuses on the portion of the instructions to the jury that told it that "if you have found that the plaintiff is entitled to general damages, you shall then determine the amount, if any, of the special damages caused by defendant." Plaintiff argues that that instruction is improper in a claim for wrongful discharge from employment. DOC argues that the instruction was proper, relying on the holding in *Hall v. Cornett et al.*, 193 Or 634, 240 P2d 231 (1952).

In *Hall v. Cornett et al., supra,* the jury returned a verdict for $1 general damages and $1,006 special damages in a personal injury claim. The trial court refused to accept the verdict and sent the jury back to deliberate. It returned a second verdict against the defendants in the sum of $300 general damages and $707 in special damages. The trial court set aside the second verdict and granted the plaintiff a new trial. The defendants appealed, and the Supreme Court affirmed. The evidence was undisputed that, as a result of the automobile accident involving the defendants, the plaintiff was in the hospital for ten weeks and suffered serious injuries. Her treatment included being placed in traction for a period of seven to eight weeks. The court held that the first verdict was improper, because it was apparent that the jury had made no attempt to award compensatory damages, but had attempted to award nominal damages. The court held that nominal damages could not be awarded in the light of the

---

[2] The court said:

"[State and federal statutory remedies] fail to capture the personal nature of the *injury* done to a wrongfully discharged employe[e] as an individual and the remedies provided by the statutes fail to appreciate the relevant dimensions of the problem. Reinstatement, back pay, and injunctions vindicate the rights of the victimized group without compensating the plaintiff for such personal *injuries* as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care." *Holien v. Sears, Roebuck and Co., supra*, 298 Or at 97. (Emphasis supplied.)

injuries that the plaintiff had suffered. The court also held that the trial court properly had set aside the second verdict, because it showed that the jury had merely juggled the figures in an effort to award part of the special damages as general damages. The court reasoned that nominal damages were not awardable in a personal injury case because the nature of the claim requires evidence of an injury. In other words, no interest that the law protects against unintended invasion is invaded in a personal injury claim unless an actual injury occurs. As a result of the holding in *Hall*, maybe it is proper in a personal injury case, to instruct the jury that it cannot award "special damages" unless it first awards "general damages" that reflect the occurrence of an injury.

■   The terms "special damages" and "general damages" distinguish between those damages that are the natural and necessary result of the injury (general damages) and those "*naturally, but not necessarily resulting* from" the injury (special damages). *Parker v. Harris Pine Hills, Inc.*, 206 Or 187, 208, 291 P2d 709 (1955). (Emphasis in original.) The instruction in *Hall* told the jury that general damages (those that necessarily result from an injury) must exist before a tortfeasor could recover other damages. If there were no general damages suffered by the plaintiff, then he had not incurred any injury. In 1987, the legislature changed the nomenclature for general and special damages for personal injury when it enacted ORS 18.560. Or Laws 1987, ch 774, § 6. That statute now describes "general damages" as "noneconomic damages," and "special damages" as "economic damages," and limits their application to those damages arising out of "bodily injury, including emotional injury or distress, death or property damage * * *."

■   Significantly, the elements of liability for a claim for wrongful discharge do not require proof of a personal injury. In *Bratcher v. Sky Chefs, Inc.*, 308 Or 501, 783 P2d 4 (1989), the court said:

> "In every action for wrongful discharge, it must be shown that the plaintiff was *discharged*. Whether the discharge be direct ('You're fired!') or less direct ('I'll make things so miserable for you that you'll be forced to leave!'), the employer's intent is relevant and important. The employer seeks to dismiss an employee. If an employer is seeking to accomplish indirectly what could not be done directly, that

can and should be shown. Employers who tell an employee, 'Resign or be fired' may be found to have discharged an employee. Similarly, an employer who decides, 'I'll make things so miserable that you'll quit' may be found to have discharged an employee. Because the latter is the substantial equivalent of the former, the employer's intent in creating or permitting the conditions is key." 308 Or at 505. (Emphasis in original; citation omitted.)

Whereas an injury is an essential element of liability in a claim for personal injury, it is not an element of liability for the tort of common law wrongful discharge from employment. The latter action lies when there has been a bare infringement of a protected interest without any accompanying personal injury. In a wrongful discharge claim, a personal injury is only a potential aspect of the measure of damages. Consequently, the *Hall* rule has no application to a claim based on wrongful discharge. The trial court's instructions, based on the *Hall* rule, deprived the jury of the opportunity to consider plaintiff's claim for damages. That was prejudicial error, which entitles plaintiff to a new trial on the issue of damages.

Reversed and remanded for a new trial on issue of damages.