### FERGUSON AND SCOTT *vs.* BABER'S ADM'RS.

1. A general demurrer to a declaration containing one good count may be overruled.
2. In an action on a detinue bond, counsel fees for defending the suit in the Circuit Court are recoverable; but counsel fees for defending in the Supreme Court, to which the case was removed by the plaintiff below, cannot be recovered.

(GOLDTHWAITE, J., *dissenting*, *held*, that counsel fees for defending in both courts should be allowed.)

ERROR to the Circuit Court of Chambers.

Tried before the Hon. NAT. COOK.

ACTION OF DEBT by Nathaniel Baber against the plaintiffs in error on a detinue bond. The pleadings are not shown by the record ; but the bill of exceptions recites, that the defendants' demurrer to the declaration was overruled, and they thereupon pleaded the general issue, with leave to give any special matter in evidence. On the trial, it was shown that in said action of detinue, judgment was rendered for the defendant therein by the Circuit Court, which judgment was affirmed on error by the Supreme Court ; and it was admitted that the plaintiff in that suit had paid all the costs, both of the Circuit and Supreme Courts, before the commencement of this suit. The plaintiff offered to prove the reasonable

value of the services rendered him by his attorneys, in defending said suit in the Circuit Court, and afterwards in the Supreme Court, and that he had paid.for such services. The defendants objected to each part of this evidence; but their objections were overruled, and they excepted. There was no proof of malice on the part of the plaintiff in said action of detinue, in prosecuting said suit in the Circuit and Supreme Courts. The court charged the jury, in effect, that the plaintiff in this suit was entitled to recover the reasonable value of necessary counsel fees for defending said action of detinue, both in the Circuit and Supreme Courts; and to this charge the defendants excepted.

The rulings of the court on the demurrer and evidence, as above stated, and the charge given, are now assigned for error.

S. F. RICE, for plaintiffs in error:

1. Where a plaintiff in an action of detinue gives bond at the commencement of his suit, conditioned to be void if he fails in the suit, and pays the defendant "all costs and damages he may sustain by the wrongful suing out of said writ," in the absence of malice, there is no liability on such bond for the fees paid by the defendant to attorneys for defending the action of detinue, nor for fees paid by the defendant to attorneys for services rendered in the Supreme Court on the removal of said suit to that court, by writ of error sued out by the plaintiff in that suit.

2. It is clear, that fees paid by the defendant to his attorneys, for their services rendered in the Supreme Court, on the removal of the cause to that court by writ of error, sued out by the plaintiff in the action of detinue, cannot be regarded as costs or damages sustained "by the wrongful suing out" of the original writ in detinue. These fees are not the "natural and proximate consequences" of the wrongful suing out of the original writ, but of a new suit commenced by the suing out of another and different writ, to-wit: a writ of error. The sureties on the bond (who are sued in this case) cannot be made liable for the issuance of the writ of error, nor for any injury resulting from it, because it is not embraced in the bond.—Hurlestone on Bonds, 57 to 60, top p. (9 vol. Law Library).

3. If such fees could be recovered at all in any suit upon such bond, they cannot be recovered under the declaration in this suit, because they are not averred or set forth in the declaration as damages.— Donnell v. Jones, 13 Ala. 490; Seay v. Greenwood, 21 *ib.* 495.

4. The action on such a bond is not to be governed by all the rules which govern actions on attachment bonds. For instance; it is settled, that in an action on an attachment bond, the wrongful suing out of an attachment means, the suing it out when not a single one of the grounds on which an attachment may be sued out, in fact exists. The wrongfulness of the suing out of an attachment depends on the existence or non-existence of some one legal ground for suing out such process. How can this be applied to the suing out of a writ in detinue? The law does not specify any ground on the existence of which a writ in detinue may be sued out. How then can we determine when such writ is wrongfully sued out? The mere failure in the suit, on the construction of written instruments, as to the meaning of which respectable lawyers and judges might well differ, ought not to be held as proof that the writ was wrongfully sued out. But if so, the damages ought to be confined to the loss of service of the property sued for and seized under the writ, and ought not to extend to attorneys' fees.

5. But the bond set forth in the bill of exceptions in this case is utterly void, and furnishes no ground for a recovery. It is *nudum pactum*, and there was no authority in the clerk, or any other officer, to take or approve it.—Jackson v. The Governor, 15 Ala. 703. The statute authorizes the clerk to issue the writ, upon the plaintiff, his agent, or attorney, making affidavit that the property belongs to plaintiff. If no affidavit is made by the plaintiff, his agent, or attorney, as provided by statute, the clerk has no power or authority to take a bond from the plaintif, nor to require the sheriff to take the property. Where by statute a special authority is delegated "to a particular person, affecting the property of individuals," it must be strictly pursued, and "appear to be so upon the face of the proceedings."—Rex v. Croke, 1 Cowper's Rep. 26; Braley v. Clarke & Peck, 22 Ala. As it does not appear that any affidavit was ever made, nor that

the sheriff ever was required to seize the slaves, nor that the slaves ever were seized, there is nothing to uphold the bond; there is no authority in the clerk to take it, and there is no consideration to support it. No court will enforce it.

6. Each objection to the evidence should have been sustained. The affirmative charge is erroneous. It not only asserted, that upon the whole evidence the plaintiffs below were entitled to recover, but that they might recover the attorneys' fees for defending in the Circuit Court, and also the attorneys' fees for services in the Supreme Court on the writ of error. The charge asked should have been given, not only for the reasons above set forth, but also, because, in no case can attorneys' fees be recovered, except where malice is shown and vindictive damages are recoverable.—Marshall v. Betner, 17 Ala. 832.

M. ANDREWS, *contra* :

1. The demurrer to the declaration being general, it was properly overruled, as the first count was unexceptionable.

2. Attorney's fees for defending the detinue suit must be regarded as a part of the actual damage occasioned by the suing out of the writ, and are therefore recoverable.—Seay v. Greenwood, 21 Ala. 491. The removal of the cause, by writ of error, from the Circuit to the Supreme Court, was merely a continuation of the same cause, so far as the injury flowing from the suing out of the original writ is concerned. Barron v. Pagles, 6 Ala. 422 ; Wiswall v. Moore, 4 *ib.* 9.

CHILTON, C. J.—The demurrer in this case to the declaration is not set out in the record, and, as every reasonable intendment is in favor of the regularity of the judgment, we must regard it as a general demurrer to the declaration ; and so treating it, the court committed no error in overruling it, as it is well settled, that upon a demurrer to the whole declaration, although it may contain bad counts, yet, containing one good one, the demurrer must be overruled. There can be no question as to the sufficiency of the first count; it is in the usual form in debt on the penal part of the bond.

2. The next, and main inquiry, is, as to the admissibility of

the evidence of payments made by Baber for attorneys' fees in defending against the action of detinue in which this bond was given, as also in defending in the Supreme Court after the cause was taken up on writ of error, Scott having proved unsuccessful in both courts.

As to the cost reasonably incurred in the Circuit Court, and the payment of such compensation as was required to obtain the services of competent counsel to make his defence in that court, we entertain no doubt, under our former decisions, that they should have been recovered, and consequently the evidence as to such damage was properly admitted. The employment of counsel to defend is a consequence which naturally or ordinarily results from bringing a suit to assert and maintain a controverted claim; and the fees paid to them, in order to make defence, legitimately constitute a portion of the damage to which the defendant is subjected within the meaning of the condition of the bond, which provides for the payment "of all costs and damages the defendant may sustain by the wrongful suing out of said writ."—Seay v. Greenwood, 21 Ala. R. 491, 496. The damages here meant are those which are the natural or ordinary result of such a wrongful suing out of detinue process, and obtaining an order of seizure. The injury to the defendant in being deprived of the use of his slaves, or the expense and trouble in replevying them by giving bond, the expense incident to defending against the suit in the employment of counsel, and the ordinary court costs, are all proximate injuries, which the obligors in the bond must be supposed to have had in contemplation when they executed it, as included in their obligation to pay and satisfy.

But with regard to the fees of counsel for defending the case when taken by writ of error to this court, we find more difficulty.

The general rule is, that the liability of sureties will never be extended by implication, but the condition will, in general, be construed strictly in their favor. The bond before us contemplates the payment of such damages as may have been occasioned by the wrongful suing out of the writ, if the plaintiffs should fail in this suit. The condition is broken immediately upon the plaintiffs' failure in the suit, if any cost or damage has been sustained by the defendant, which then remains unpaid.—

Ferguson and Scott v. Baber's Adm'rs.

The suit being thus finally decided, upon payment of all costs and damages which it has occasioned, the sureties have complied with their engagement; and so long as this final adjudication remains in full force, this suit can work no additional damage for which they can be held liable in virtue of their bond. They enter into no covenant that their principal shall not make motions in the court with reference to collateral matters, which may or may not grow out of it, and the defence of which may be attended with cost to the defendant; as, for example, the attempt to set aside the sale of the plaintiff's land, made under an execution issued on the judgment for cost against the plaintiffs. These are remote and collateral matters, which may or may not arise, and which cannot be fairly presumed to have been in the contemplation of the parties to the obligation, and consequently are not embraced by it. They may often happen, but are not the natural and ordinary consequences from the suing out of the original process. So with respect to suing out a new writ—a writ of error—to revise the proceedings in this court. The costs of this court have never been considered as recoverable against the sureties, in a bond given as indemnity for costs in the court below. Non-residents, for many years past, have been required to give security for cost in the first instance, or their suits were subject to be dismissed ; but there is no instance where such security has been held liable for the costs of this court. Yet the usual form of the obligation was, that the party bound himself as surety for cost in the particular suit on behalf of the plaintiff. This uniform practice is persuasive to show, that the bond is considered as providing indemnity only with respect to the cost and damages which may be occasioned by the suit in the primary court. Besides; although the final judgment in the court below is the subject matter upon which the writ of error is based, the writ of error is in the nature of a new suit, and cannot be said to be the natural or ordinary result of the first suit, any more than the motion, to which we have alluded, to vacate a sale, or a bill in chancery to vacate the judgment upon some supposed equitable ground. To hold that the bond in this case would embrace the *costs* of this court, would, we think, be to enlarge the undertaking of the sureties by implication, in violation of the general rule we have above stated ; and if the costs, which are the nec-

essary result of an unfounded allegation of error, be excluded, much more should fees to counsel, which are but consequential, and may or may not be incurred at the option of the defendant, be excluded.

It follows from what we have said, that the court below erred in allowing fees paid to counsel in the Supreme Court to be recovered, as a part of the damage provided against in this bond.

The judgment is consequently reversed, and the cause remanded.

GOLDTHWAITE, J.—I dissent from the opinion of the majority of the court, as to whether the expenses paid for counsel fees in the Supreme Court cannot be recovered in this action, upon a special averment in the declararion.

I understand the case of Seay v. Greenwood, 21 Ala. 492, to decide, that in an action on the case for wrongfully suing out an attachment, the reasonable expenses paid by the plaintiff in defence of the attachment suit, in the court to which it was returnable, are part of the actual damages occasioned by the act complained of, and as such are recoverable. Here the action is on the bond given by the plaintiff in the detinue suit, and conditioned according to the statute (Clay's Digest, 317 § 31) for the payment of all costs and damages the defendant may sustain by the wrongful suing out of the writ; and as we have held, in the case cited, that the counsel fees in the Circuit Court, if paid by the plaintiff, are actual damages properly chargeable to the suing out of the writ, it can make no difference that the suit is on the bond ; for the condition is to pay the damages the party may sustain, and it would be a strange thing to hold, that actual damages in case were one thing, and in another action, for identically the same act, they were another and a different thing.

It appears to me also, to follow as a direct conclusion from the case cited, that all the expenses which the defendant in the first case was reasonably required to pay, to protect himself from the direct consequences of the wrongful act, must be regarded as actual damages resulting from that act, and as a proper and legitimate subject of recovery, as the fees paid to a physician for attendance on a slave warranted sound. Suppose

that a defendant found it necessary, to protect himself against a malicious prosecution, to take the case to the Supreme Court, Would not the costs and expenses in that court be part of the actual damages occasioned by the prosecution, and recoverable as such? and if so, upon the principle of the case referred to, they would be recoverable in an action on the case for any other wrongful act.

It is not denied, that it is the wrongful act of the defendant in the first suit which gives him the right to take the case to the Supreme Court. The case in that court had its origin in the court below, and it originated there by the act of the principal in the bond :—it is his act which has brought it to the appellate court, and although the taking of it there, is, as to the rules which apply to and govern the writ of error, to be considered as a new action, it is, so far as the rights of the parties are concerned, in the aspect I am now considering them, but a continuation of the former suit.

But it is said that these damages are not the actual or proximate consequences of the act—that they are too remote. The use of these terms I can understand, when applied to particular cases; but when used as a rule for the ascertainment of damages, they are wanting in precision and accuracy. In the well known case of Scott v. Shepherd, 2 W. Black. 892, the first thrower of the squib was held responsible, though it had passed through the hands of two other persons; and the defendant, who went up in a balloon, which descended in the garden of the plaintiff, and attracted a crowd who trampled down his vegetables, was held liable for the damages done by the crowd.—Guille v. Swan, 19 Johns. 381. So, in the case of Lewis v. Peake, 7 Taunt. 152, where the action was for a breach of warranty, the declaration alleging that the plaintiff, confiding in the defendant's warranty, re-sold the horse with warranty, and was thereby subjected in an action against him to pay the costs, amounting to a certain sum, besides the price of the horse; and he was allowed to recover the costs thus paid. In neither of the cases were the damages recovered the natural and proximate consequences of the first act, in the usual sense in which those terms were used. In the last, it was the warranty of the defendant which caused the warranty of the plaintiff, and the warranty of the plaintiff caused him to pay the

27

cost, which were held recoverable against the first warrantor.—— In the case before us, the counsel fees in the Supreme Court were as essential to an effectual protection of the plaintiff's right, as the fees paid in the court below; they were caused by the wrongful act of the principal in the bond; they were not speculative damages, and in my opinion, on principle and authority, not too remote to be recovered.