## BULLOCK vs. FERGUSON.

[DEBT ON INJUNCTION BOND.]

1. *Interest as damages.*—Where a debtor is enjoined from paying over the money to his creditor, but is not restrained from using it in any other manner, he can only discharge himself from interest, by paying the money into court ; consequently, in an action on the injunction bond, a recovery cannot be had for interest, by way of damages, for the period intervening between the dissolution of the injunction by the chancellor and the affirmance of his decree on error, no *supersedeas* bond having been given.

2. *Counsel fees as damages.*—In an action on an injunction bond, a recovery cannot be had for counsel fees in the supreme court, to which the injunction suit was removed by the plaintiff below, after the dismissal of his bill by the chancellor. (STONE, J., expressing no opinion.)

3. *When actual damages only are recoverable.*—Where an injunction bond is conditioned for the payment of such damages as might be sustained from the suing out of the injunction, "should the same be dissolved," a recovery can only be had for the actual damages.

4. *Costs as damages.*—Costs imposed on the plaintiff, in an action on the bond, as the condition of a continuance, are not recoverable as a part of the actual damages.

5. *Remote and consequential damages.*—Where the injunction sought to restrain the collection of certain notes, which were given to a trustee in consideration of the hire of slaves belonging to the trust estate ; and the bond was conditioned for the payment of only the actual damages,—a recovery can-

not be had, for the trouble and expense incurred in effecting a rescission of the contract, alleged to have been caused by the pendency of the injunction; nor for the privations and physical hardships to which the beneficiaries of the trust estate were subjected, in consequence of the inability of the trustee to collect and pay over to them the enjoined debts.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. C. W. RAPIER.

THIS action was commenced in the name of George C. Hodges, as the trustee of Mrs. Martha Boothe; and was prosecuted, after the death of said Boothe, in the name of the present appellant, who was appointed in his stead. The condition of the bond, on which the action was founded, was as follows: "Whereas the said Robert Ferguson and Benjamin F. Petty, together with one John Petty, have filed their bill of complaint in the chancery court of Barbour county, against John P. Boothe, Martha R. W. Boothe, George C. Hodges and Elias G. Hodges, to restrain said Elias Hodges from the payment of four promissory notes, for $700 each, payable to said George C. Hodges, trustee of Martha R. W. Boothe, and due on the 1st January, in the years 1849, 1850, 1851, and 1852, respectively; and also from the payment of the further sum of $190, now due to said Geo. C. Hodges, trustee as aforesaid; and seeking to condemn said moneys to the payment of the judgments specified in said bill; and whereas the said complainants have obtained an order for the writ of injunction, for these purposes: Now, if the said Benjamin F. Petty and Robert Ferguson, or either of them, shall pay to the said Geo. C. Hodges, trustee as aforesaid, all such damages as he may sustain by the suing out of said injunction, should the same be dissolved, then the above obligation to be void," &c.

The defendant pleaded, in short by consent, performance, *nil debet*, and *non damnificatus*.

To the plea of performance the plaintiff replied, assigning the following breaches: 1. That said injunction was wrongfully sued out, and was dissolved before the commencement of this action, and said injunction suit terminated; and that plaintiff, as trustee, sustained damage to

a large amount, &c. 2. That said Elias G. Hodges, who was indebted to said trustee, was restrained and enjoined from paying over the money due, and thereby became wholly discharged from liability for interest during the pendency of the injunction suit, and refused to pay such interest; whereby defendant has become liable to pay said interest. 3. That said trustee necessarily expended a large sum, of the trust funds in his hands, in employing counsel to defend said injunction suit, which sums were proper and reasonable fees. 4. That said trustee and his *cestui que trust*, being desirous to rescind the contract for the hiring of certain slaves belonging to the trust estate, in consideration of which the said enjoined notes of Elias G. Hodges were given, were compelled by the pendency of the injunction suit, at great trouble and expense, to give a bond of indemnity in order to effect such rescission. 5. That the money and debts, the collection of which was restrained by said injunction suit, were the only available means which the trustee had for the support and maintenance of his *cestui que trust;* and by reason of the injunction against the collection of such debts, said *cestui que trust* was reduced to severe and unaccustomed toil and labor, extreme want, and great physical and mental suffering, and was deprived of the means of educating her children, entertaining her friends, &c.

It appears from the bill of exceptions that issue was taken on this replication, though the judgment entry recites that issue was taken "on the replication to the plea of *non damnificatus;*" while the pleadings copied into the record show that the plaintiff demurred to the defendant's pleas of *nil debet* and *non damnificatus*, and no action appears to have been had on the demurrer.

"On the trial," as the bill of exceptions states, "it was proved that the injunction mentioned in the pleadings was dissolved in November, 1850, by the dismissal of the injunction bill by the decree of the chancellor; and that as soon thereafter as it could be done, a writ of error was taken to the supreme court, without any bond, to reverse said decree, which was affirmed by said supreme court in January, 1852. Elias Hodges, a witness for plaintiff,

testified, that after said affirmance, to-wit, on the 27th January, 1852, he settled with Martha Boothe, and paid over to her $2,000 on account of the principal of the debts enjoined in his hands, but refused to pay any interest on said debts, because of the pending injunction suit as to the right to the same. The court charged the jury, that Hodges being liable for interest on said debt from and after the dismissal of the bill by the chancellor, no damages could be recovered by plaintiff, in this action, in respect of the loss of interest after said dismissal. Plaintiff excepted to this charge, and requested the court to instruct the jury, that if they believed that Hodges delayed the payment, not from any willful default, but because of the pending litigation, and from doubt as to the true owner, and fear of having to pay twice, then he was not liable to pay interest pending the writ of error; which charge the court refused to give, and plaintiff excepted.

"The plaintiff offered to prove that the obligee in the bond sued on, and one of the defendants in the injunction suit, expended considerable sums of money, in paying attorneys' fees in defense of the writ of error. The court rejected the evidence, on the ground that fees in the supreme court were not covered by the condition of the bond; to which ruling of the court plaintiff excepted.

"The plaintiff offered evidence, also, to prove the inconvenience, sickness, privation, and other consequential damages specified in the fourth and fifth specifications in the replication to the defendant's pleas; all of which evidence the court ruled out, on the ground that only pecuniary damages affecting the trust property could be recovered in this action; to which ruling the plaintiff excepted.

"The court also ruled out evidence, offered by plaintiff, to prove the trouble and expense of effecting a rescission of the contract, as specified in the replication; and that this trouble and expense resulted in consequence of said injunction. To the ruling of the court, excluding said evidence, plaintiff also excepted.

"With a view to recover the expense of costs of the present suit, plaintiff offered evidence to prove the costs

Bullock v. Ferguson.

which had been assessed against him, as a condition of continuance; which evidence the court also ruled out, as proof of damages not covered by the condition of the bond; and plaintiff excepted."

The rulings of the court to which exceptions were reserved, as above stated, are now assigned as error.

L. L. Cato, for the appellant.

P. T. Sayre, and J. Buford, contra.

WALKER, J.—It was competent for the debtor of Mrs. Boothe's trustee, to have paid the money which he owed into court, and thus to have relieved himself from interest. Not being restrained from using the money, he could not in any other way relieve himself from the payment of the interest.—Curd v. Letcher, 3 J. J. Marsh. 443; Chare v. Manhardt, 1 Bland's Ch. R. 333. After the dissolution of the injunction, the trustee of Mrs. Boothe had an undoubted right to coerce payment of the interest; and the failure to do so was the result of an omission to assert a legal right, and not a consequence of the injunction. There was, therefore, no error in the refusal to charge by the court as requested by the plaintiff.

Upon the authority of Ferguson & Scott v. Baber's Adm'rs, 24 Ala. 402, we approve the ruling of the court below, which denied to the plaintiff the right to recover fees paid counsel for their services in the chancery cause, when carried to the supreme court. To this proposition, however, Judge Stone prefers to remain uncommitted.

The bond sued on was conditioned to pay such damages as the plaintiff might sustain by the suing out of the injunction, "should the same be dissolved." Upon this bond, the plaintiff was only entitled to recover the actual damages.—Scay v. Greenwood, 21 Ala. 491; Kirksey v. Jones, 7 Ala. 622; Spivey v. McGehee, 21 Ala. 417. The actual damages, which may be recovered on the bond, "must be the natural and proximate result or consequence of the injunction."—Donnell v. Jones, 13 Ala. 490; Spivey v. McGehee, supra. Under these rules, the plaintiff was

not entitled to recover the costs imposed upon the plaintiff as the terms of the continuance of this case; nor for the trouble and expense of rescinding the contract for the hire of slaves of the trust estate, in consideration of which the notes enjoined were given; nor for the privations and physical hardships to which Mrs. Boothe, the *cestui que trust,* was subjected in consequence of the inability of the trustee (produced by the injunction) to collect and pay over the trust money to the use of his *cestui que trust.*—Sims v. Glazener, 14 Ala. 695; Ivey v. McQueen, 17 Ala. 408.

The views above expressed are decisive of all the matters presented by the assignments of error against the appellant, and the judgment of the court below is affirmed.