The Ellwood Manuf'g Co. v. Rankin et al.

1. **Injunction**: ACTION ON BOND: ATTORNEYS' FEES: USELESS SERVICES.
Where an injunction was dissolved because the petition on which it was
granted was insufficient, *held*, in an action on the injunction bond, that
there could be no recovery for the services of an attorney in procuring affi-
davits in support of the motion to dissolve, since such affidavits were
clearly unnecessary.

2. ——: ——: ——: SERVICES ON APPEAL FROM ORDER OF DISSO-
LUTION. In an action on an injunction bond, attorney's fees may be
allowed for services in procuring the dissolution of the temporary
injunction, but not for services in the supreme court on an appeal from
the order of dissolution.

*Appeal from Wright Circuit Court.*

FRIDAY, DECEMBER 17.

ACTION upon an injunction bond. There was trial to a
jury, and a verdict and judgment were rendered for the
plaintiffs for $50 and costs; the amount of the recovery
being considerably less than the plaintiffs claimed. They
accordingly moved for a new trial, setting up as ground
therefor the exclusion of certain evidence. The court over-
ruled the motion, and the plaintiffs appeal.

*R. H. Whipple*, for appellants.

*Nagle & Birdsall*, for appellee.

ADAMS, CH. J.—It appears that these plaintiffs had com-
menced foreclosing a chattel mortgage upon certain per-
sonal property, upon part of which the defendant
Rankin held a junior chattel mortgage. He brought an
action for an injunction to prevent these plaintiffs from sell-
ing the property. A temporary injunction was granted.
These plaintiffs (defendants in that action) moved to dissolve
the injunction, and the motion was sustained. An appeal
was taken by Rankin to the supreme court, and the order
dissolving the injunction was affirmed. *Rankin v. Rankin*,

67 Iowa, 322.   It appears from the opinion in that case that one ground of the motion to dissolve was that it appeared from the face of Rankin's petition that he was not entitled to an injunction, and this court sustained the ruling dissolving the injunction upon that ground.   The present action is brought for the recovery of attorney's fees expended in procuring the dissolution.   Fifty dollars was allowed, but the court excluded certain offered evidence as to the services in procuring affidavits in support of the motion, and excluded evidence as to services rendered in following the appeal to the supreme court, and resisting the appellant's efforts to secure a reversal.

I.   The first assignment of error is in these words: "The court erred in refusing to admit the evidence of R. H. Whip-

1. INJUNC-
TION: action
on bond: at-
torneys' fees:
useless ser-
vices.

ple, showing the value of counsel fees in preparing affidavits to be used in support of the motion to dissolve the injunction of the circuit court." The interrogatory to which the assignment pertains is in these words: "State, if you know, what was a reasonable compensation for the taking of the affidavits for use on the trial in the court below in the dissolution of the injunction." The defendants objected because the question contemplates paying for time in drawing the affidavits, and is not limited to the services of the officer.   The court sustained the objection.   Whether, under some circumstances, attorney's fees might not be allowed for time spent in drawing affidavits which are used in support of a motion to dissolve a temporary injunction, we need not inquire.   In the case in which the affidavits in question were prepared, the injunction was dissolved because the petition was insufficient. It does not appear to have been necessary to support the motion by affidavits, nor was it shown, nor offered to be shown, that any affidavits were used.   An allowance of attorney's fees for time spent in drawing useless affidavits would be improper.   With what view precisely the court below disallowed the evidence we do not know, nor is it important.

Taking the record as it is presented, we see no way in which the court could properly have held otherwise.

II.  The remaining assignment of error pertains to the disallowance of evidence of service in the supreme court after the injunction had been dissolved.  In this we think that there was no error.  This court has never gone further than to allow for attorney's services in procuring a dissolution of the injunction, and we do not think that we should be justified in doing so.

2. —: —:
—: services on
appeal from
order of dis-
solution.

The appellant contends that, by the appeal, and filing a *supersedeas* bond, the injunction was virtually continued; but we think otherwise.  A *supersedeas* bond has the effect merely to stay proceedings in the case.  The appellee, whose motion to dissolve had been sustained, did not need any further proceedings in the case, and did not contemplate any.  It is said, however, that if, on an appeal, the order had been reversed, the injunction would have been restored; and so the services rendered in resisting a reversal were as necessary, and of the same kind, as those rendered directly in procuring a dissolution.  But this is not quite correct.  The injunction dissolved was a mere temporary injunction.  Strictly, it could not be restored.  Another might be granted if the case had not proceeded to hearing, and if the granting of another temporary injunction would be of any use, but that, we think, is all that could be be properly said.

The appellants cite *Roberts* v. *White*, 73 N. Y., 375, as holding that counsel fees for services on appeal in the supreme court from an order dissolving an injunction are allowable.  We have not examined the New York statutes sufficiently to ascertain whether the alleged ruling is based upon a statute or not.  The case does not show that such services were rendered, or recovery therefor was sought or had.  We cannot, therefore, regard the case as authority in this.

                                        AFFIRMED.