Argued February 14; reversed May 29, 1945

# KERN ET AL. *v.* GENTNER ET AL.

(159 P. (2d) 190)

Before Belt, Chief Justice, and Rossman, Bailey, Lusk, Brand and Hay, Associate Justices.

*Albert W. Gentner,* of Portland, for appellants.

*Clark S. Kendall,* of Albany (Carson & Carson, of Salem, and Marks & McMahan, of Albany, on the brief), for respondents.

ROSSMAN, J.

This is an appeal by the defendants from a judgment of the circuit court in the amount of $225.00, based upon a verdict, in favor of the plaintiffs. The latter (respondents) are L. R. Kern and Valley Mills Com-

pany, of which Kern is the president. The defendants (appellants) are Albert W. Gentner and Fidelity and Deposit Company of Maryland. The action was based upon an undertaking filed pursuant to the requirements of § 9-402, O. C. L. A., and executed by Gentner, as principal, and Fidelity and Deposit Company, as surety. Gentner filed the undertaking concurrently with institution by him of a suit against Kern and Valley Mills Company in which he prayed for a writ of injunction to restrain them from maintaining barricades upon a road in Benton County which he deemed a county road. The suit later reached this court: *Gentner v. Kern et al.*, 164 Or. 645, 103 P. (2d) 721.

The principal issue presented by this appeal is whether or not the damages awarded by the attacked judgment are the proximate result of the breach of the undertaking which occurred when the injunction pendente lite was dissolved.

By reverting to *Gentner v. Kern et al.*, supra, and a drawing which accompanies that decision, it will be observed that near a place entitled Sulphur Spring a county road begins which runs easterly and eventually connects with the Pacific Highway. Sulphur Spring is upon land owned by some individuals named Vincent. Adjoining the Vincent land on the west is an 80-acre tract owned by Valley Mills Company, one of the two plaintiffs in this case, and immediately to the west of that tract is the property of Gentner, one of the two defendants in this action. Extending across the Vincent tract, east and west, is a plank road which at its eastern end connects with the aforementioned county road. The western terminus, until some time in 1937 or 1938, was about 600 feet west of the east line of the Valley Mills tract. Thus, about 600 feet of the road was upon the property of Valley Mills Company.

That section of road terminated 770 feet from the east line of Gentner's tract. Accordingly, until a year or so before the injunction suit was filed, the road stopped 770 feet from the Gentner property. Upon the latter was a stand of timber and the only way that it, or lumber manufactured from it, could reach the market was over the land of Valley Mills. Faced with that situation, Gentner built 770 feet of road from his property to the western end of the road which we have just described, and thus secured a way to the market. He built his road upon the land of the Valley Mills Company seemingly under a belief that the ground upon which he laid the plank was a county road. See *Gentner v. Kern et al.,* supra.

Shortly after Gentner built the 770-foot stretch of road he entered into a contract with a firm, entitled Schreiner & Son, under which he sold his timber to that firm on a stumpage basis. The purchasers built a small mill upon the Gentner tract, proceeded to fell the timber, manufacture it into ties, and haul the product out of the woods over the road which we have just described. While they were doing so the respondents placed barricades upon that part of the road which crosses the Valley Mills tract. When that development occurred, January 16, 1939, Gentner instituted *Gentner v. Kern et al.,* in which he prayed for a writ of injunction for the removal of the barricades. Concurrently with the institution of the suit he and the Fidelity and Deposit Company executed the undertaking which we have already mentioned, and which constitutes the foundation of the present action. The undertaking says:

"The plaintiff will pay all costs and disbursements that may be decreed to the defendants and

> such damages not exceeding the sum of Five Hundred Dollars as said defendants may sustain by reason of such injunction if the same be wrongful, or without sufficient cause.''

Immediately following the filing of the suit and the undertaking, the circuit court issued a writ of preliminary injunction which ordered the removal of the barricades. No effort was made by Kern or Valley Mills before trial to have the temporary injunction dissolved. Kern and Valley Mills filed an answer in the injunction suit in which they prayed, not only for the dismissal of the complaint, but also for the issuance of two injunctions in their favor—one against Gentner to enjoin him from crossing the land of Valley Mills Company, and the other to enjoin him from using the road located on the property of the Vincents. At the close of the trial, July 27, 1939, Gentner's complaint was dismissed and both of the injunctions sought by Kern and Valley Mills were granted. Thus, the preliminary injunction was in force from January 16, 1939, to July 27, 1939. Upon appeal, this court modified the circuit court's decision by dissolving the injunction which restrained Gentner from using the road on the Vincent property, but otherwise affirmed the decree. The reason for the modification was the fact that the Vincents had granted to Gentner an easement which authorized him to use the roadway upon their property. The easement was subject to prior rights held by Kern and Valley Mills Company, which, however, were not exclusive. Our decision, like that of the circuit court, held that no part of the aforementioned road was a county road.

The decree of the circuit court in the aforementioned suit (Gentner v. Kern et al.) awarded the defendants

in that suit (the present respondents) costs and disbursements in the amount of $171.10. Our decision, without disturbing the award just mentioned, authorized Gentner to recover the costs and disbursements incidental to the appeal, $192.30. The decree entered by the circuit court, after receipt of our mandate, awarded Gentner judgment against Kern and Valley Mills Company in the amount of $21.20.

The complaint in the present action alleges that in the injunction suit these respondents recovered a judgment for costs and disbursements in the amount of $171.10. Continuing its reference to the injunction suit, it avers that the respondents

"were required to defend themselves and to employ attorneys for such purpose and generally to suffer loss of time and incur expense by way of attorney's fees and reasonable rental value and damage to the roadway and the like in excess of the sum of $500 and that by reason thereof defendants have become liable to plaintiffs in the sum of $671.10."

The prayer seeks judgment in the amount just indicated. The averments of damages are denied by the answer which the appellants filed. As already indicated, the jury's verdict was in favor of the respondents in the amount of $225.00.

The first assignment of error is based upon the following instruction given to the jury, over the objections of the appellants:

"You are further instructed that if you believe from the evidence that said injunction was wrongful or without sufficient cause, and was dissolved by the Circuit Court decree, and that this portion of the decree was later affirmed by the Supreme Court on appeal, the attorney fees necessarily incurred

by plaintiff on appeal in maintaining that part of the Circuit Court decree dissolving the injunction are proper damages, but only to that extent.''

Upon the trial of the present action no evidence was offered concerning the services performed in the circuit court by the attorneys for Kern and the Valley Mills in the injunction suit. However, the record upon appeal in that case was introduced in evidence and, based upon it, Mr. W. C. Winslow, an experienced attorney, testified that a reasonable fee for the services performed in this court in the injunction suit by the attorneys who represented Kern and Valley Mills Company was $150 to $200. Upon cross-examination, Mr. Winslow testified as follows:

"Q. That covers all the work in the Supreme Court, does it?

"A. Yes.

"Q. In connection with the case of Gentner v. Kern and Valley Mills?

"A. That is the way I have answered the question.

"Q. That is all.''

As we have already said, no effort was made in the injunction suit to have the preliminary injunction dissolved. Upon the trial in the circuit court of the injunction suit, Gentner claimed that the roadway which extended across the Valley Mills tract was a county road and that he was, therefore, entitled to use it. He also claimed, as already indicated, that he owned an easement across the Vincent property which entitled him to use the road upon that land. Kern and Valley Mills refuted both of those contentions and sought injunctions restraining Gentner from using the road which crossed the Valley Mills and the Vincent tracts of land. The circuit court, as we have pointed out,

dissolved the provisional injunction and granted both of the injunctions which Kern and Valley Mills sought. Upon appeal, Gentner presented to us the same contentions which he had urged below; Kern and Valley Mills endeavored to sustain the injunctions which had been granted to them. We state those contentions for the purpose of indicating the nature of the service performed in this court in the injunction suit by the attorneys who represented Kern and Valley Mills Company.

■ Generally, each litigant himself pays for the services performed by his attorney. In the absence of special contract or unusual legal provision, no litigant can recover from his adversary any part of the sum paid except the costs awarded by statute. The plaintiffs argue that, since the injunction undertaking provides that Gentner and his surety will pay "such damages * * * as said defendants may sustain by reason of such injunction if the same be wrongful or without sufficient cause," the attorney's fees are recoverable. They view the undertaking as a stipulation for the payment of attorney's fees.

*Olds v. Cary*, 13 Or. 362, 10 P. 786, was an action upon an injunction undertaking couched in language similar to the one signed by the present appellants. The circumstances paralleled those now before us, with the exception that in that case a motion was made before trial for the dissolution of the provisional injunction and the answer sought no affirmative relief. The plaintiff, who was the defendant in the injunction suit, had paid $150 to the attorney who represented him, and in the action under review sought judgment for the recovery of that sum. The evidence failed to segregate the charge made for the services rendered in presenting the motion from the charges for the services rendered in defending the suit. The decision

held that, since Olds, as defendant in the injunction suit, was compelled to defend himself, he was entitled to recover upon the undertaking only for that part of the services of his attorney which was required by the issuance of the writ of injunction; that is, for the extra or increased services which the issuance of the injunction had thrust upon him. In so holding, the decision said:

> "It is evident that the respondent incurred some extra expense on account of attorney's fees in consequence of the injunction which he probably should have been indemnified for, but that he should recover the entire charge of his attorneys for managing his defense to the suit would be unreasonable in any view we might take as to the law upon the subject.
> "The respondent's counsel contended that, as the injunction was the sole relief sought in the suit, the rule was different; that in such a case the extra amount paid for attorney's fees was recoverable."

We pause to observe that in the injunction suit entitled *Gentner v. Kern et al.,* the defendants, besides defending upon the merits, prayed for the issuance of two writs of injunction in their own behalf. The decision in the Olds case, after rejecting as unsound the contention just quoted, explained:

> "It is not reasonable to require a party, because he obtained a writ of injunction staying the defendant in the suit from doing the threatened acts during its pendency, to pay the defendant's attorney's fees for defending the suit. The defendant was put to that expense in consequence of the suit, and not on account of the temporary injunction."

Finally, the decision held:

> " * * * the respondent in this case should only have been allowed counsel fees for preparing and making the motion to dissolve the injunction, * * * ."

Since the court estimated that the charge for that service could have been no more than $50, it awarded a new trial, unless the respondent remitted $100 of the judgment. *Balte v. Bedemiller,* 37 Or. 27, 60 P. 601, 82 Am. St. Rep. 737, and *Reed v. Brandenburg,* 72 Or. 435, 143 P. 989, are in accord with the decision just reviewed.

■ We are satisfied that Olds v. Cary was correctly decided, and believe that the practice in this state is in entire accord with the rule enunciated in that decision. The only extra counsel fees incurred by an injunction-defendant are for the services performed in persuading the court to dissolve the writ of preliminary injunction, if one was issued. The permanent writ, in the event one is granted, is not the result of the injunction pendente lite, nor of the undertaking which was filed preliminary to it. In order to secure a permanent injunction, no undertaking is required: 43 C. J. S., Injunctions, § 165, p. 779; 32 C. J., Injunctions, § 508, p. 312; 28 Am. Jur., Injunctions, § 259, p. 434; and High on Injunctions, 4th ed., § 1619. A perpetual injunction is predicated upon the rights of the parties as adjudicated by the decree after trial and has no basis in the injunction bond. Therefore, the only damages which the surety undertakes to pay are those which the preliminary injunction may inflict upon the injunction-defendant.

The respondents (Kern and Valley Mills) do not question the holding in the Olds case, and since they made no effort in the injunction suit prior to trial to have the writ of injunction dissolved, they have not sought to recover anything in the present action for the services performed by their attorney in the circuit court. They argue, however, that they are entitled to

compensation for the services performed by their attorney upon appeal in the injunction suit, and cite *Bolling v. Tate,* 65 Ala. 417, 39 Am. Rep. 5; *Jesse French Piano and Organ Co. v. Porter,* 134 Ala. 302, 32 So. 678, 92 Am. St. Rep. 31; *Miller v. Donovan,* 13 Idaho 735, 92 P. 991, 13 Ann. Cas. 259; 32 C. J., Injunctions, p. 473; and annotation 16 L. R. A. (N. S.) 73, 74.

In the first of the decisions just cited, the court said:

"With all proper respect for our predecessors, it would seem that all necessary and proper expenses incurred to procure the dissolution, or to prevent its re-instatement, in the court below, or in this court, are the natural and proximate result of the wrongful suing out of the injunction, and are recoverable as damages. * * *

"The fees recoverable however are not necessarily for the defense of the whole action. They are limited to that part of the defense, or the whole, as the case may be, that may be rendered necessary by the writ of seizure, or injunction complained of."

In the other Alabama decision, the court said:

"The purpose of the appeal was to review and reverse the decree dissolving the injunction, and the reversal of the decree would necessarily reinstate the injunction. Attorney's fees incurred in resisting the effort to have the decree of dissolution set aside are as much the natural and proximate result of the issuance of the writ as are the fees incurred in procuring the dissolution in the first instance."

From the Idaho decision above cited, we quote the following:

"Under our statute, section 4291, no question can arise as to the allowance of attorney's fees in an action on an injunction bond. It is there provided, among other things, that the bond must be conditioned 'to the effect that the plaintiff will pay to

the party enjoined such costs, damages and reasonable counsel fees, not exceeding an amount to be specified, as such party may incur or sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto.' ''

Section 9-402, O. C. L. A., unlike the Idaho statute, in specifying the provisions of an injunction undertaking, makes no express mention of counsel fees. In the Idaho case, the injunction-defendant filed both a motion to dissolve the injunction and a demurrer to the complaint. The trial court sustained both, but suspended the order of dissolution after the plaintiff appealed. In holding that attorney's fees were recoverable, the decision upon appeal said:

"It therefore clearly appears in this case that the injunction was the primary and principal relief sought * * * and that the entire legal service in the trial court was rendered in securing a dissolution of the injunction. The service rendered by Miller's attorney on appeal in that case was in an effort to secure an affirmance of the judgment of the trial court holding that the complaint did not state a cause of action and was not sufficient to authorize the issuance of a writ of injunction."

See also *Idaho Gold Dredging Corporation v. Boise-Payette Lumber Company,* 60 Idaho 127, 90 P. (2d) 688.

A restatement of the text contained in 32 C. J., Injunctions, p. 473, cited by the respondents, is 43 C. J. S., Injunctions, § 315, at p. 1101, where it is said:

"It generally has been held that counsel fees are recoverable as part of the damages for the necessary services rendered on a successful appeal in getting rid of an injunction, as well as in the court below, * * * . Counsel fees on appeal, however, are not recoverable where the principal issues presented on the appeal involve the merits of the case; * * *."

The same section, at page 1104, says the following, which we deem material:

"Except where attorney's fees for defending the entire action are regarded as recoverable, to authorize an allowance of counsel fees for services rendered in procuring the dissolution of an injunction the evidence ordinarily must discriminate between services rendered in the case generally and services which were strictly necessary to procure a dissolution of the injunction, as a recovery of fees for such services may be had only where they can be segregated from the services rendered in the general defense and trial of the action, * * *."

The annotation in 16 L. R. A., (N.S.) 73, 74, digests *Bolling v. Tate,* supra, and also *Bullock v. Ferguson,* 30 Ala. 227, and *Ferguson v. Baber,* 24 Ala. 402, both of which it overruled. It also reviews two later Alabama decisions which followed the Bolling decision. Further, it collates decisions from Illinois, Louisiana, New York, Vermont and Iowa, which held that no attorney's fee is recoverable upon an injunction undertaking in an appellate court unless awarded for extra services rendered necessary by the wrongful writ of injunction. A more recent compendium of decisions is in the annotation, 33 L. R. A. (N.S.) 846.

The appellant (Gentner), in claiming that compensation for the attorney's services is limited to efforts made by him in attempting to dissolve the injunction issued pendente lite, cites *Olds v. Cary,* 13 Or. 362, 10 P. 786; *Balte v. Bedemiller,* 37 Or. 27, 60 P. 601, 82 Am. St. Rep. 737; *Oelrichs v. Spain,* 82 U. S. (15 Wall.) 211, 21 L. Ed. 43; *Lambert v. Alcorn,* 144 Ill. 313, 33 N. E. 53, 21 L. R. A. 611; Joyce on Injunctions, Vol. I, 399; *Barre Water Co. v. Carnes,* 68 Vt. 23, 33 Atl. 898; *Ellwood Mfg. Co. v. Rankin,* 70 Iowa 403, 30

N. W. 677; *Lambert v. Haskell,* 80 Cal. 611, 22 P. 327; *State v. Nash,* 72 W. Va. 812, 79 S. E. 829; *C. H. Albers Commission Co. v. Spencer,* 236 Mo. 608, 139 S. W. 321, Ann. Cas. 1912D 705; and 16 L. R. A. (N. S.) 64, 66, 72.

We have already reviewed the Olds decision and mentioned the Balte decision. Nothing would be gained by reviewing *Oelrichs v. Spain* because the federal courts allow no counsel fees in actions on injunction bonds. They hold that an allowance would be opposed to sound public policy and the analogies of the law. Several other jurisdictions take the same view. *Lambert v. Alcorn* was not concerned with counsel's services performed upon appeal, but with services rendered in the trial court. The facts, reasoning and conclusion parallel the Olds decision. The annotation in 16 L. R. A. (N. S.) we have already discussed. I Joyce on Injunctions, at pages 339-340, makes note of the jurisdictions in which no counsel fees are recoverable upon injunction bonds. Since Oregon is not in that category, the section is immaterial to our purposes.

In the Barre Water Company decision, the court said:

> "The main object of the bill was, to establish the right claimed by it, and the injunction was asked for, to protect that right and to secure the orator in the enjoyment of it."

The court held that under those circumstances counsel fees incurred in the supreme court were not allowable as injunction damages. In the Elwood Manufacturing case, the court said:

> "The court has never gone further than to allow for attorney's services in procuring a dissolution of the injunction, and we do not think that we should be justified in doing so."

It, therefore, held that no recovery could be had for services in the supreme court upon appeal from the order of dissolution. The *Lambert v. Haskell* decision was principally concerned with damages that accrued after the injunction pendente lite had been dissolved. Its sole reference to counsel's services performed in securing a dissolution of the injunction is the following:

"*  *  *  the counsel fees for which the sureties. may be held are not those expended for the defense of the suit, but only those which have been expended solely or principally in procuring a dissolution of the injunction."

In the West Virginia case, the court held that, since no effort had been made to secure a dissolution of the temporary injunction, no award for counsel's services could be had. In the Albers Commission Company case, the court, after a careful analysis of the authorities, held that attorney's fees incurred by a defendant in procuring the dissolution of a preliminary injunction are recoverable in an action upon the undertaking, but that where the supersedeas did not re-establish the temporary injunction on appeal, no award could be made against the surety for services performed in the appellate court.

■ We believe that the decision last mentioned fits in better with the rule announced in the Olds decision and with our practice concerning supersedeas than the decision cited by the respondents. As was held in the Olds decision, compensation is recoverable only for the services performed in securing a dissolution of the temporary injunction. It is only the injunction pendente lite which casts extra and increased expenses upon the injunction-defendant. Everything done by the defendant in an injunction suit, except his efforts

to procure a dissolution of the preliminary injunction, is done whether or not an undertaking is filed or a preliminary injunction is granted. Gentner's appeal in the injunction suit did not operate as a supersedeas and therefore while the appeal was pending the temporary injunction was as spent as "the outgrown shell" of the chambered nautilus. Hence, nothing done upon the appeal concerned the preliminary injunction. Everything done upon the appeal concerned the merits of the suit. Had the appeal brought about a reversal of the circuit court's decree, the preliminary injunction would not have been revived—a new decree would have been entered directing the issuance of a perpetual injunction. The latter would not have been based upon the undertaking, but upon the adjudicated rights of the parties. Thus, the temporary injunction caused the respondents to make no effort in this case which they would not have made had the injunction never been issued. The undertaking signed by the appellants promised the respondents no recompense for legal services rendered in defending the injunction suit upon its merits.

The above being our point of view, it necessarily follows that the first assignment of error possesses merit. The instruction upon which it is predicated was erroneous and should not have been given.

■ The second assignment of error is based upon the following instruction which was given to the jury:

"Therefore, if you believe from the evidence that an injunction was issued against plaintiffs on behalf of said Gentner and that the same was wrongful or without sufficient cause, and a decree in favor of the above plaintiffs dissolving the injunction was entered in the Circuit Court for Benton County and thereafter affirmed by the Supreme Court,

> then you will find in favor of the plaintiffs in the amount of costs and disbursements allowed them in the former suit, if any, not exceeding the sum of $171.10.''

The mandate of this court issued in *Gentner v. Kern et al.,* said among other things:

> ''It is further ordered and decreed that appellant recover of and from respondents his costs and disbursements in this court taxed at $192.30.''

The decree which was entered in the circuit court after receipt of that mandate quoted the original decree from which the appeal had been taken, including the part which awarded to Kern and Valley Mills judgment against Gentner for costs and disbursements amounting to $171.10. Then was copied the mandate, including the sentence we just quoted. That was followed by other parts, which, obedient to this court's decision, adjudged the rights of the parties and, finally, came

> ''The plaintiff do take and have judgment against the defendants and each of them for the sum of $21.20 and that execution issue therefor.''

Thus, it is seen that the decree which was entered after the injunction appeal credited the respondents with the amount of costs and disbursements awarded to them and gave Gentner judgment for the balance owing him, $21.20 ($192.30—$171.10). The instruction challenged by this assignment of error, however, entitled the respondents to recover once more the costs and disbursements awarded to them by the original decree; that is, $171.10. It authorized a multiple collection of those costs and disbursements. We are satisfied that the objection to that instruction should have been sustained. The instruction should not have been given. This assignment of error possesses merit.

■ The third assignment of error is based upon the following instruction which was given to the jury:

"If you also believe from the evidence that plaintiffs were thereby further damaged by reason of the use of said roadway by defendant Gentner or others without the consent of the plaintiffs during the time the injunction was in force and effect, you will further find for plaintiffs in the reasonable value of such use, and for damages to the roadway not exceeding the agreed sum of $500.00.

"You are instructed that the measure of damages for the use of the roadway is the * * *.

"You are further instructed that the measure of damages for damage to the roadway is * * *."

That instruction, of course, pertained to the road on the respondents' property. The length of it was 1320 feet. It authorized the jury to award the respondents damages based upon the entire length of the road, although unchallenged testimony shows that Gentner built and paid for 770 feet of the road himself. No one claims that the plank road which Gentner built became a part of the soil; to the contrary, the evidence indicates that a logging road of this type serves a temporary purpose and that the plank are removed to other places when the road has served present needs. In the trial court the objection was voiced repeatedly that the respondents were not entitled to damages based upon the 770 feet constructed by Gentner. The evidence bearing upon the rental and market value of the road was based upon the entire length of 1320 feet, and it is impossible to make any segregation of the figures concerning the 770 feet which the appellant built from the 600 feet or so which were there when the respondents acquired their property.

We believe that the objections to the instruction were valid and that the challenged instruction should

not have been given. We sustain this assignment of error.

The fourth assignment of error is based upon a ruling which permitted the respondent, Kern, to answer the following question which his counsel submitted to him:

"Q. In constructing a road where this 770-foot strip of plank road went, what work would have to be done?"

The appellant's attorney made the following objection:

"* * * Here is the construction of a road, he testifies, in 1937 and 1938—wouldn't be any proper item of damages for injunction after the construction of the road in 1939."

Kern had testified that the 770-foot strip built by Gentner was constructed "in 1937 or early 1938." The preliminary injunction was not issued until January 16, 1939. In seeking to meet the objection, the respondents' counsel stated:

"We want to show, may it please the court, that they went in and took a lot of our timber."

At that point appellant's counsel declared:

"They haven't alleged it; * * * I filed a motion asking them to set forth, and definitely, what they claimed and they didn't claim anything for timber."

After the objection had been overruled, Kern answered the question by declaring that Gentner built the road through merchantable timber and that he (Kern) saw the stumps that were left after the trees had been cut.

■ Clearly, an undertaking filed in 1939 to obtain a preliminary injunction for the removal of barricades

cannot indemnify one for trees felled a year or two prior to the execution of the undertaking.

■ The following, taken from § 191, Joyce on Injunctions, is elementary:

"Only such damages can be recovered on the injunction bond as were caused by the injunction itself, and they must be such as fall within the conditions of the bond."

The above objections should have been sustained. The answer sought by the challenged question was inadmissible. We sustain this assignment of error.

■■ The fifth, being the last, assignment of error is based upon rulings which overruled the appellants' motions for a nonsuit and a directed verdict. As appears from the foregoing, the respondents presented no admissible evidence entitling them to the recovery of damages, except possibly nominal damages.

In the early case of *Stone v. Cason,* 1 Or. 100, the decision said:

"The dissolution of the injunction was a technical breach of the bond, for which nominal damages may be recovered."

The law is well settled that where a complaint seeks compensatory damages the case will not be reversed and remanded for the sole purpose of enabling the respondent to recover nominal damages. In *Edd v. Western Union Telegraph Co.,* 127 Or. 500, 272 P. 895, our present Chief Justice said:

"While there was a technical violation of plaintiff's rights and, by reason thereof, he would be entitled to at least nominal damages, this court is not justified in reversing and remanding the cause

for another trial: City of Rainier v. Masters, 79 Or. 534 (154 Pac. 426, 155 Pac. 1197, L. R. A. 1916E, 1175)."

See, in accord, Joyce on Injunctions, § 191b; 5 C. J. S., Appeal and Error, § 1914, p. 1415; and 4 C. J., Appeal and Error, § 3211, p. 1179. Accordingly, since the record contains no admissible evidence indicating that the respondents are entitled to anything more than nominal damages, we concur in this assignment of error.

The above disposes of all contentions presented to us. The judgment of the circuit court is reversed. The cause is remanded with instructions to enter a judgment for the appellants.