155 So.2d 635 (1963)
UNITED BONDING INSURANCE COMPANY OF INDIANAPOLIS, INDIANA, an Indiana corporation, et al., Appellants,
v.
PRESIDENTIAL INSURANCE COMPANY, a stock company chartered under the laws of the State of Florida, Appellee.
No. 3802.
District Court of Appeal of Florida. Second District.
August 7, 1963.
*636 Helen Tanos Hope, Miami, for appellant, United Bonding Ins. Co. of Indianapolis, Ind.
Burns, Middleton, Rogers & Farrell, Palm Beach, for appellee.
MOODY, JAMES S., Associate Judge.
The appellant, Abbey Properties Co., Inc., brought suit against Presidential Insurance Company for specific performance on an alleged contract of sale covering certain stock. The complaint included a request for a temporary restraining order. Upon hearing, after notice, a restraining order was issued conditioned upon Abbey Properties Co., Inc., posting bond. This bond was posted containing the usual pertinent provision that Abbey Properties Co., Inc., and its surety, United Bonding Insurance Company of Indianapolis, Indiana, would pay or cause to be paid "any actual damages (suffered) by virtue of the wrongful issuance" of the temporary restraining order. No attempt was made to dissolve this order. The case was dismissed on motion for summary judgment filed by defendant, Presidential Insurance Company.
This present suit was then instituted by Presidential against Abbey and its surety on the bond for damages sustained by virtue of the wrongful issuance of the restraining order. Upon trial before the Court the only damages recovered were for attorney's fees in the sum of $2800.00, the exact amount charged Presidential by its attorneys for handling the entire case. The only evidence before the Court as to the reasonableness of the fees was the testimony of Presidential's attorneys. From this judgment the defendant appealed. We find error and remand for further proceedings.
The first question presented is whether an attorney's fee is a proper element of damages in a suit on an injunction bond. That such fee is recoverable is now well settled. This subject is ably discussed in the recent case before this Court of Dean Chevrolet, Inc. v. Painters, Decorators and Paperhangers of America, Local No. 452, and Ken Turner, Fla.App., 155 So.2d 422. Also see New Amsterdam Casualty Company v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856. It is our opinion that the entry of the summary judgment and consequent termination of the restraining order, in the absence of any provision in the judgment to the contrary, was a determination of the wrongful issuance of the restraining order leaving for final disposition in this proceeding the sole question of damages, if any, sustained.
*637 The only other question involved is the method of determining the amount of attorney's fee to be recovered. It is appellant's position that the plaintiff counsel is an improper witness to determine such fee. It appears to be the general rule in this and other jurisdictions that proof of the value of attorney's fee for service rendered must be presented to the Court. Such fees must be based, not upon the charge made in the case, but upon evidence showing the services rendered and the reasonable value thereof. Wittich v. O'Neal, 22 Fla. 592; Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc., Fla.App., 151 So.2d 453; Breitbart v. State Road Department of Florida, Fla.App., 116 So.2d 458; Kennedy v. Kennedy, 101 Fla. 239, 134 So. 201, 202. This latter case further holds that the Court should not award fees based solely on the testimony of counsel. The basis of this holding is that, while counsel may not have been an incompetent witness, it involves a principle of ethics and that it is not good practice to award a fee on this evidence alone.
This rule appears to be particularly applicable here. The total fee charged for the handling of the entire case was $2800.00. This entire fee was awarded as damages in this suit on the bond. As indicated in Dean Chevrolet Company, Inc. v. Painters, et al., supra, the amount awarded must be restricted to the services rendered as a result of the wrongful issuance of the restraining order.
In the case of Kern v. Gentner, 176 Or. 479, 159 P.2d 190, 164 A.L.R. 1077 (1945), the Oregon Supreme Court, in considering this question, concluded that a preliminary injunction bond given to secure the defendant against damages that he might sustain by reason of the injunction if the same be wrongful or without sufficient cause, did not create a liability upon the part of the surety to recompense the defendant for legal services rendered in defending the injunction suit upon the merits, but covered only such extra and increased expenses as are cast upon the injunction defendant by reason of his efforts to secure a dissolution of the preliminary injunction.
In the case at bar it is quite obvious the fee testified to and awarded was not limited to only such extra expense and service occasioned by the issuance of the temporary restraining order as distinguished that entailed in defending the main case.
The judgment in this case is reversed and the case remanded to the lower court for a new trial in conformity herewith.
Reversed.
ALLEN, Acting C.J., and WHITE, J., concur.